## O'Connor v. Weissinger, Judge, et al.

(Decided February 24, 1911.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Roads and Passways—Regulation by Fiscal Courts—Power Conferred by statute.—Under section 4748b Kentucky Statutes, providing that "all turnpikes and gravel roads * * * shall become public roads and maintained by the fiscal courts, which may provide for keeping them up as directed under the general road law, it may adopt other rules for their repair and management." Held, this section clearly confers the power exercised by the fiscal court in the management and maintenance of the roads thereof.

2. Statutory Provisions—Amendments—Since the cases of Pulaski County v. Sears, 117 Ky., 249, and Boyd County v. Arthur, 118 Ky., 932, and Vaughn v. Hulett, 119 Ky., 380, were decided, the legislature so amended section 1845, Kentucky Statutes, upon which they were rested, as to authorize members of the fiscal court to serve upon committees in directing road work and provided compensation for such committee work as might thus be performed by them.

3. Commissioners—Letting out Bids for Work.—Under section 1889, Kentucky Statutes, providing that "the fiscal court shall appoint three commissioners in each magisterial district who shall let out the work in their districts to the lowest and best bidder with the privilege of refusing all bids." Held, that when considered in connection with the remainder of the act of which it is a part, relates to the disposition of surplus funds in certain counties which could not be expended under the direction of the fiscal courts.

O'CONNOR & O'CONNOR and JOS. E. CONKLING for appellant.

A SCOTT BULLITT, JOHN L. SULLIVAN and ROBERT L. PAGE for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action in equity was instituted by appellant, a taxpayer of Jefferson County, against the county judge, fiscal court, of Jefferson County, and magistrates composing same, to enjoin that court from awarding contracts for work done upon the turnpikes and roads of the county, and its members from acting as a committee or committees in directing and controlling such work.

Appellees by answer justified the action complained of, and asserted that in so maintaining the turnpikes and roads of the county, the court acted in accordance with certain plans adopted under authority conferred by section 4748b, Kentucky Statutes.

Appellant filed a demurrer to the answer which the circuit court overruled; he refused to plead further and judgment was entered dismissing the action. From the judgment manifesting these rulings this appeal is prosecuted.

Section 4748b under which the fiscal court claims the power to maintain the turnpikes and roads of the county by the rules referred to in the answer, provides:

"All turnpike and gravel roads thus acquired or constructed, shall become public roads and shall be maintained and kept in repair by and through the provisions of the fiscal court. Said court may provide for keeping them up as is directed and permitted under the general road law, or it may adopt other rules for the maintenance, repair and management of the same. * * *"

This section clearly confers the power exercised by the fiscal court of Jefferson County in the management and maintenance of the roads thereof.

In the case of Fleming County Fiscal Court v. Howe, County Judge, 121 Ky. 478, we held that the fiscal court of Fleming County under the power conferred by the section, supra, could maintain the turnpikes and other roads of the county under rules adopted for that purpose as provided by the statute in respect to turnpikes; and also according to the statutes regarding the maintenance of other public roads; but that the fiscal court could appoint only one supervisor to take control of the turnpikes and roads of the county as section 4313 Kentucky Statutes gave that court the right, if it so elected, to appoint but one supervisor of roads for the county.

It is true that in Pulaski County v. Sears, 117 Ky., 249, we decided that an order of the fiscal court investing the county judge with the general supervision of the

roads of the county and making the magistrate in each magisterial district director of the work therein, was void; and in Boyd County v. Arthur, 118 Ky. 932, and Vaughn v. Hulett, 119 Ky., 280, we also held that the statutes with reference to the control of the roads of a county by the fiscal court forbid the members of that court from acting as supervisors of county roads, as such action would make them interested in contracts for work that might be done upon the roads under their supervision.  But since these cases were decided the legislature so amended section 1845 Kentucky Statutes upon which they were rested, as to authorize members of the fiscal court to serve upon committees in directing road work and provided compensation for such committee work as might thus be performed by them.  In Thomas v. O'Brien, 138 Ky., 770, in construing that section of the statute as amended, we held that members of the fiscal court, excepting the county judge, can act as a committee, or committees, in directing and supervising work upon the turnpikes and roads of the counties, for which they might be compensated at the rate of three dollars a day.

It appears from the averments of the petition that the fiscal court of Jefferson County by the plans adopted in pursuance of the power conferred by section 4748b, supra, divided the county of Jefferson into road districts and appointed a member of the fiscal court as director and inspector of road work in each of these districts; the work being awarded by contracts between the fiscal court and the contractors.  In thus providing for the maintenance of the turnpikes and roads of the county, the fiscal court obviously acted within the powers conferred by sections 4748b and 1845, Kentucky Statutes.

It is, however, contended by appellant that the work of maintaining the roads in the districts of the county should have been entrusted by the fiscal court to three commissioners as provided by section 1889 Kentucky Statutes which declares that:

"The fiscal court shall appoint three commissioners in each magisterial district, who shall let out the work in their districts to the lowest and best bidder, with the privilege of refusing all bids." This contention of appellant cannot be sustained as it ignores the meaning and object of the section, supra, which, when considered in connection with the remainder of the act of which it is

a part, relates to the disposition of surplus funds in certain counties which could not be expended under the direction of the fiscal courts.

It follows from what we have said that the circuit court committed no error in overruling the demurrer to the answer, or in dismissing the action.

The Judgment is affirmed.