## Chatham v. Davenport, Judge.

(Decided April 27, 1920.)

### Appeal from Mercer Circuit Court.

1. Officers—Highways—Delivery by Road Engineer of Records of Books and Papers—Injunction.—Injunction will lie, at the suit of the county judge, to compel a county road engineer whose term of office has expired and right to continue therein ceased, to surrender to the former all books, vouchers and other property belonging to the county relating to or used in the performance of his work on its public roads while in office; and also to prevent him from interfering with the work of the agents of the county appointed by the judge of the county court to control and maintain its public roads.

2. Officers—County Road Engineer—De Facto Officer.—Notwithstanding the appellant's previous appointment by the county judge to the office of county road engineer and the approval of such appointment by the fiscal court, he was not entitled to continue in the performance of its duties, as a de facto officer, during such vacancy as may have resulted from the expiration of the term for which he was appointed, as he failed, before taking the office under the appointment or during his incumbency thereof and before the expiration of the term of his appointment, to either execute the bond or take the oath of office required by law and the order of the county court.

3. Officers—De Facto Officers.—A de facto officer is one who discharges the duties of an office under color of title. One who, having been elected or appointed to an office, assumes to exercise its duties without having qualified or attempted to qualify, is without color of title, and is not a de facto officer.

J. F. VANARSDALL, R. L. BLACK and R. W. KEENON for appellant.

E. H. GAITHER for appellee.

Opinion of the Court by Judge Settle—Affirming.

By the judgment of the Mercer circuit court rendered in this action brought against him by the appellee, as county judge of Mercer county, the appellant was permanently enjoined from further performing any of the duties of the office of county road engineer · for that county, or interfering with the road work in charge of agents of appellee's appointment and ordered to deliver to the appellee as judge of the Mercer county court all *. property, books and vouchers in his possession belonging to the county or appertaining, in any manner, to the construction, repair, maintenance or operation of its public roads. Appellant insists that the judgment was unauthorized and by this appeal seeks its reversal.

The facts presented by the record show that in September or October, 1919, a vacancy occurred in the office of county road engineer for Mercer county, to fill which until January 1, 1920, the appellee, acting in his official. capacity as judge of the Mercer county court, in October, 1919, nominated and appointed appellant to the position subject to the approval of the fiscal court of Mercer county, which approval was at once duly given by that court through the votes of its members, or a majority of them. The order of the fiscal court regarding the appointment of appellant to the office in question by appellee and the approval thereof by that court expressly limited his tenure of office to the period intervening between the date of his appointment and January 1, 1920. Although appellant was present when his appointment to the office of county road engineer by appellee was reported to the fiscal court by the latter and when that court approved the appointment, he did not then or at any time thereafter, either before or during his incumbency of the office, execute the bond or take the oath required of him by law and the order of the fiscal court before undertaking the performance of the duties thereof, but notwithstanding such failure took possession of the office and began and continued the performance of the duties thereof until restrained and stopped by the injunction granted by the circuit court. On or shortly after January 1, 1920, appellee as county judge demanded of appellant that he cease to act as county road engineer and deliver to appellee all property of Mercer county held by him in that capacity, also all books, papers

and vouchers relating to the maintenance of the public roads of Mercer county during his performance of the duties of county road engineer; and, further, that he cease to interfere with the agents and employees of the county put in charge of its roads by order of the county court or judge thereof after January 1, 1920, in the performance of their duties. Appellant refused to obey these demands of the county judge or any of them and, claiming to be rightfully in possession of the office of county road engineer, attempted to continue the performance of the duties thereof, which conduct of appellant led to the institution by appellee, as county judge, of this action in equity to compel of him, by injunction, obedience to the appellee's demands.

The facts so far stated are not denied by the appellant, but it is insisted by him and alleged in his answer and counterclaim, first: that having been elected to the office in question and put in possession thereof he was entitled to retain it, unless sooner removed for malfeasance or misfeasance charged and proved, until another engineer was elected to take his place, neither of which was done. Second, that although by his appointment and election to the office the term was made to end January 1, 1920, as he continued in possession of the office after that date and certain necessary work which he as county engineer had caused to be done on the roads of the county was approved by the fiscal court after January 1, 1920, he became by reason thereof a *de. facto* officer and was recognized by the fiscal court as such, which should have protected him from the injunction granted by the circuit court, and permitted him to remain in possession of the office until removed for cause or by the election of a successor.

The circuit court being of the opinion that the matters set up by the answer and counterclaim did not bar the right of appellee to the relief prayed in the petition, sustained the general demurrer filed to that pleading by the latter. Our view of the law controlling this case constrains us to concur in the conclusion reached by the circuit court.

The general assembly in 1914, after adopting various amendments to the then existing road laws of the state, embraced and re-enacted the whole in a single statute containing numerous sections and subsections. Certain provisions of the act, found in what is now section 4325

Kentucky Statutes, creates the office of county road engineer, fixes his term of office, prescribes his qualifications and duties and empowers the county judge to fill the office by appointment with the consent of the fiscal court. The section also provides that within ten days after receiving notice of his appointment the county road engineer shall qualify by giving such bond as the county court may direct for the faithful performance of his duties and by taking an oath to well and truly perform the same. The section further provides that in the event of the failure of the county court to appoint, or the fiscal court to consent to the appointment of a county road engineer, the services required to be performed by such officer shall be performed by the county surveyor, or some other person designated by the county court.

Other provisions of the act, contained in what is now section 4329, Kentucky Statutes, empower the fiscal court or the county judge to employ such agent or agents in the different road precincts of the county as may be necessary to carry out the provisions of the statute, and to summarily discharge such employees at pleasure, etc. By an act of the general assembly, passed in 1918, section 4325, *supra,* was amended by the addition of a clause at the end thereof extending the term of the county road engineer then in office until the first of January, 1919; and section 4329, amended by adding a clause providing for an eight hour day. Considering the provisions of the two sections as a whole it is clearly their object to place the management of road construction and maintenance in the control of the county judge where the fiscal court makes no provision for an engineer, or where the fiscal court made such provision but the county judge did not exercise the right conferred on him by section 2325, of appointing a county road engineer, then either the fiscal court or the county judge may employ such agent or agents in the different road precincts of the county as may be found necessary to carry out the requirements of the statute, who shall perform services upon the public roads of the county in whatever station employed, according to the direction and manner prescribed by the fiscal court or county judge.

It is manifest that the appointment of a county road engineer under the authority conferred by section 4325 is permissive or discretionary, although if made by the county judge the appointment must be consented to by

the fiscal court; but that the appointment of the agents authorized by section 4329 to whom the construction and maintenance of the roads shall be confided, in the absence of a county road engineer, is mandatory, whether the power be exercised by the county judge or fiscal court; but while it may be exercised by either, it cannot be exercised by both.

As appellant, notwithstanding his appointment by appellee to the office of county road engineer and the consent of the fiscal court thereto, by reason of his failure to execute the required bond and take the necessary oath, was never legally in the possession of. the office, even before the expiration of the term for which he was appointed, namely, January 1, 1920, it is patent that his claim of right to continue therein and to perform its duties after 'that date as a *de facto* officer is wholly untenable. Therefore his interference with the agents of appellee's appointment and their management of and work upon the roads of the county, as well as his refusal to deliver to appellee or to them the property, books and vouchers appertaining to his past control of the roads in his possession was unauthorized and so illegal as to justify the granting by the circuit court of the mandatory injunction complained of by him.

Charges presenting grounds for his removal from the office of county road engineer were not necessary, as by reason of his failure to give bond and take the oath required by law it may well be doubted whether he was county road engineer, *de facto,* even prior to January 1, 1920. In addition to the requirements as to his giving of a bond and taking of an oath, contained in the statute under which appellant was appointed county road engineer, Kentucky Statutes, section 3753, provides: "No officer from whom a covenant is required shall enter upon the duties of his office until the same is given." The same section also prescribes a penalty against any officer who attempts to exercise the duties of the office without taking the oath and giving the bond required by law; the oath being prescribed by section 3756. Moreover, it is declared by section 3755, that if the official bond required to be given and the oath required to be taken by any officer, are not given and taken by him within thirty days after the time of his notification, the office shall become vacant, etc.

In Creighton v. Commonwealth, 83 Ky. 142, we held "that a *de facto* officer is one who discharges the duties of an office under color of title, but one who, having been elected to an office, assumes to exercise its duties without having qualified or attempted to qualify, is without color of title, and is not a *de facto* officer."

This statement of the law has been approved by this court in numerous other cases. Rodman v. Harcourt, 4 B. Monroe, 224; C. N. O. & T. P. Ry. v. Cundiff, 166 Ky. 594. Under the test furnished by the principle announced in these cases appellant's contention that he should have been permitted to continue the duties of county road engineer of Mercer county as a *de facto* officer, is wholly without merit.

It is strongly insisted by appellant's counsel that his special demurrer to the petition should have been sustained. This contention rests upon the claim that the members of the fiscal court were necessary parties to the action and that it could not properly be maintained by appellee, as county judge, alone. The contention is obviously unsound. If, as we think has been clearly demonstrated, appellant is not rightfully in possession of the office of county road engineer and not entitled to perform its duties, the agents appointed by appellee as county judge to take charge of and maintain the roads of the county may do so, and should be permitted to do so, without the control or interference of appellant. Appelle as county judge had the authority, independent of any action by the fiscal court, to appoint or employ such agents and to control their work, and the necessity for his doing so is amply alleged and shown by the evidence. The same authority was possessed and might have been exercised by the fiscal court had it seen proper to act, instead of the county judge; but as it did not take such action, the fact that it was taken by the county judge led to no conflict of authority between that officer and the fiscal court. The interference by appellant with the agents in charge of the county road work complained of in this case, is an interference with appellee, who in his official capacity is entitled to control such agents and their work; the members of the fiscal court were not interfered with or interested, hence were not necessary parties to the action. For the reasons stated, the action of the circuit court in overruling the special demurrer was not error. Judgment affirmed.