## Graves County, ex rel. County Attorney v. Graves Fiscal Court.

(Decided May 21, 1935.)

R. A. ROBERTS for appellant.

HOLIFIELD, McDONALD & BOAZ, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On January 19, 1935, the fiscal court of Graves county adopted the following order:

"It appearing that the Fiscal Court has failed to re-employ the road agents of Graves County for the year 1935, and it now appearing that there is no one in such authority charged with the maintenance and supervision of the public roads of Graves County; and it further appearing that the system heretofore followed has proven unsatisfactory; and it further appearing that Graves County has heretofore and does now maintain a system of free turnpikes, motion was this day made by member W. O. Rodgers and seconded by member R. T. Ligon, that Graves County on and after this date adopt the free

turnpike system of operation in maintaining its public road. A vote being called upon said motion, all members present voting yea, except W. B. Sullivan, voted no. It is, therefore, declared that said motion is carried and that from and after this date Graves County maintain her public roads under the free turnpike system, and that members of this court representing the various Magisterial Districts of Graves County, be and they are hereby appointed a committee to supervise the construction, maintenance and reconstruction of the public roads, bridges, culverts and drainage system for the respective districts in which such member resides, viz: District No. 1, J. O. Coletharp; District No. 2, Vernon Easley; District No. 3, W. G. Wilson; District No. 4, W. O. Rodgers; District No. 5, J. C. Turner; District No. 6, R. T. Ligon; District No. 7, J. E. Wilson and District No. 8, Luther Harpole.''

On the same day it adopted a second order providing that each member of the fiscal court who served as a committee in supervising and maintaining the public roads of his district should be paid for his services at the rate of $3 per day.

For the purpose of testing the validity of the two orders the county attorney excepted thereto and was granted an appeal to the Graves circuit court. Being of the opinion that the orders were valid, the circuit court sustained a demurrer to the statement and amended statement of appeal, and entered a judgment dismissing the appeal. From that judgment this appeal is prosecuted.

Section 1845, Kentucky Statutes, reads as follows:

''The members of the court, except the county judge, shall be entitled to $6 per day for each day they are engaged in holding fiscal court, and also for each day they are engaged in actual attendance at the meeting of said court; said compensation to be allowed by said court and paid out of the county levy; provided, that no compensation shall be allowed the members of said court for attendance at the meeting[s] of the committees thereof except in those counties that maintain a system of free turnpikes under the control and supervision of the fiscal court.''

We have had the proviso before us in several cases and have held that in counties maintaining a "system of free turnpikes" the members of the fiscal court are entitled to compensation for committee work in looking after the roads. Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347; Thomas v. O'Brien, 138 Ky. 770, 129 S. W. 103; O'Connor v. Weissinger, 142 Ky. 447, 134 S. W. 1126. But the point is made that Graves county does not come within the exception for the reason that none of its roads had ever been toll roads, or had been acquired under the act of 1896 providing "ways and means for a county to have free turnpikes and gravel roads." The question finally turns on the meaning of the words "free turnpike." Formerly the word "turnpike" meant a revolving frame with pikes, used as a cheval de frise; also a turnstile. Later on it came to mean "a toll bar or tollgate," and also acquired the meaning of "a turnpike road." Webster's New International Dictionary, Second Edition. After a while the word "road" was omitted from the expression "turnpike road" and common usage gave to the word "turnpike" the same meaning as turnpike road. A turnpike road or turnpike is one having tollgates or bars on it, which were originally called "turns." "The distinctive mark of a turnpike road is the right of turning back any one who refuses to pay toll." Notham Bridge and Roads v. London & S. R. Co., 6 Mees. & W. 428; Haight v. State, 32 N. J. Law, 449; 26 R. C. L. 1396. The term "turnpike" is "nomen generalissimum." It includes gravel and plank roads. A turnpike is a highway differing neither in responsibility for its proper maintenance, nor in any other particular, from an ordinary highway, save in the mode of constructing and maintaining it. An ordinary public road is maintained and repaired by taxes. A turnpike is supported and maintained by the tolls exacted. State ex rel. Allison v. Hannibal & R. C. Gravel Road Co., 138 Mo. 332, 39 S. W. 910, 36 L. R. A. 457. As a general rule the question whether or not a road is a toll or an ordinary road is not to be determined by the material of which it is constructed, or its importance, or by the fact that it is so designated in the statute; but the test is whether or not there exists the right to exact tolls. 65 C. J. 1127. While it may be that the purchase of the old toll roads and removal of the tollgates led to the

adoption of the proviso, we are not disposed to hold that the Legislature intended to limit the right of the members of the fiscal court to serve as committees in looking after the road system to those counties in which there had formerly been toll roads. Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347. On the contrary, we conclude that the words "free turnpike" mean "public roads operated without toll-gates regardless of how or when they were acquired," and that a county "maintains a system of free turnpikes when it maintains at its own expense a system of free public roads." As it is admitted that Graves county is maintaining such a system of public roads, it follows that the orders complained of are valid and that the court did not err in so holding.

Judgment affirmed.