## Knox Fiscal Court et al. v. Davis, Co. Atty.

(Before Judge Perry of the Court of Appeals of Kentucky.)

(Aug. 31, 1936.)

J. B. CAMPBELL for Knox County Fiscal Court.

J. LEONARD DAVIS in proper.

OPINION BY JUDGE PERRY—Overruling motion to dissolve injunction.

The movants, members of the Knox Fiscal Court, have applied to me as a member of this court for an order directing the judge of the Knox Circuit Court to set aside the temporary injunction granted by him against the members of the Knox Fiscal Court, enjoining them from working or supervising the county roads in their respective districts and from claiming and receiving $3 per day for services rendered by them in connection with the supervision or maintenance of roads in Knox county, to all of which ruling the defendants and each of them objected and excepted, and are here asking an order for its modification or cancellation.

This suit was instituted in the Knox Circuit Court by J. L. Davis, as a citizen and taxpayer of Knox county and its duly elected and acting county attorney, against the defendants, J. W. Alford, the county judge of Knox county, and the following duly elected and acting magistrates, E. J. Miller, J. W. Myrick, W. M. Brewer, Wm. Baker, Sam Jones, J. F. Hutson, G. B. Engle, and J. B. Bennett, who now and at all times hereafter mentioned constitute the membership of the Knox Fiscal Court.

By the petition it is alleged that on July 14, 1936, the Knox Fiscal Court and the members thereof entered the following order:

"Orders Knox Fiscal Court, Special Term, 1 day, 14th day of July, 1936.

"Upon motion of J. W. Myrick and seconded by Wm. Baker, and it now appearing that there is no one in Knox County employed at this time to look after the county roads in all of the magisterial districts for the fiscal year 1936-37, and it now appearing that there is no one in such authority charged with the maintenance and supervision of the public roads in Knox County and it further appearing that the system heretofore followed has

proven unsatisfactory, and it further appearing that Knox County heretofore and does now maintain a system of free turnpikes, it is ordered that Knox County on and after this date adopt the free turnpike system of operation in maintaining its public roads; it is also ordered that the members of this court representing the various magisterial districts of Knox County be and they are hereby appointed a committee to supervise the construction, maintenance and reconstruction of the public roads, bridges, culverts and drainage system for the respective districts in which such member resides, viz: district No. 1 E. J. Miller, district No. 2 J. W. Myrick, district No. 3 W. M. Brewer, district No. 4 Wm. Baker, district No. 5 Sam Jones, district No. 6 J. F. Hutson, district No. 7 G. B. Engle, district No. 8 J. B. Bennett; it is also ordered that each member of the fiscal court aforesaid who may serve as committee in supervising and maintaining the public road of his respective district shall be paid for his services at the rate of $3 per day, and shall work in cooperation with the County Road Engineer. Vote being taken carried.

"J. W. Alford, Judge."

This order plaintiff by his petition charges was entered without authority or right on the part of the members of the said fiscal court under the circumstances and conditions admitted by stipulation to have existed when it was made.

More particularly, plaintiff alleged in his petition that the said order is void because of the fact that the defendant Knox Fiscal Court on December 21, 1934, at its special December term, employed R. B. Ballard as county road engineer of Knox county and that he was at the time of the passing of said order, and is now, the duly elected and acting county road engineer of Knox county, has never been discharged, and now has charge of the county roads of Knox county, wherein is maintained, as recited in said order, a system of free turnpikes. Further, it is alleged in the petition that all the magistrates have been and are now working the county roads in their respective districts, pursuant to the terms of said order made by them, and are claiming that they are entitled to receive $3 a day for their

services so rendered thereunder. Wherefore plaintiff prayed for an order declaring the said order to be null and void, that same be declared canceled, and for a temporary injunction restraining the defendant magistrates from further working the county roads or claiming for their services in so doing $3 per day or any sum.

On the motion made for such temporary injunction, there was filed a stipulation of facts, whereby, among other things, it is agreed that R. B. Ballard is the duly elected, qualified, and acting county road engineer of Knox county, and that he is now working as county road engineer of Knox county pursuant to his employment by the Fiscal Court of Knox county, Ky., on the 21st day of December, 1934, at a salary of $100 per month. Further it is stipulated that on July 14, 1936, the Knox Fiscal Court made and entered the order herein above set out, wherein they attempted to employ themselves to look after the county roads in all their respective magisterial districts for the fiscal year of 1936--37, in co-operation with the county road engineer, at the rate of $3 per day, which was to be paid each of them therefor.

Further it is stipulated that the question sought to be determined by this action is whether the said several defendant magistrates can, under the terms of said order and under the conditions existing as stipulated, work on and supervise the county roads in Knox county and whether they are entitled to claim $3 per day for their services so rendered.

Upon submission to the learned trial judge of this question upon the pleadings, the stipulation of facts, and argument of counsel, he granted a temporary injunction against the members of the Knox Fiscal Court in accordance with the prayer of the petition.

The dissolution of this order is here sought by the movants (the defendant magistrates) upon the authority of the ruling of this court announced in the recent case of Graves County ex rel. County Attorney v. Graves Fiscal Court, 259 Ky. 532, 82 S. W. (2d) 794, and they further contend that the opinions handed down in the case, Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347, Thomas v. O'Brien, 138 Ky. 770, 129 S. W. 103, and O'Connor v. Weissinger,

142 Ky. 447, 134 S. W. 1126, support them in their contention.

In order to determine the merit of movants' contention that the rulings in these cases are here applicable and controlling, they have been given a careful consideration. I find that in the recent Graves Case it was held that under the facts there found and recited in the opinion the Fiscal Court of Graves county had failed to re-employ road agents for the year 1935 and that there was no one in such authority and charged with the maintenance and supervision of its public roads, that the said county was maintaining a system of free turnpikes, and that, under such conditions, the members of the Fiscal Court of Graves county, under the provisions of section 1845 of the Statutes, had the legal right, thereby given, to pass an order appointing and employing themselves, as members of the Graves Fiscal Court, to supervise the construction and maintenance of its public roads, bridges, etc., for their respective magisterial districts, and that each member of the fiscal court, so appointed and serving as a committee in supervising and maintaining the public roads of his district, should be paid for his services at the rate of $3 per day.

It is to be noted that the right of the magistrates of the fiscal court to employ themselves as such committees, to supervise and maintain the public turnpikes of their several magisterial districts, was based and conditioned upon the fact that there was at such time no county engineer or road agent employed to perform such service, distinguishing the factual situation there from that here presented, wherein it is stipulated that there is a duly elected, qualified, and now acting county road engineer, at a salary of $100 per month, to look after the construction and maintenance of the county's public turnpikes, which it maintains.

In the second of the cited cases of Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 515, 137 Am. St. Rep. 347, it was held that, if a county officer (there a magistrate and member of the fiscal court) had expended public money for a legal purpose, but in an illegal manner, the county was estopped to recover the money from the officer making the expenditure, where it appeared that it was made in good faith and that the

county had received full value therefor. The holding there made was with reference to payments made by a member of the court to nonmembers for services for which they might have been legally employed, and therefore does not appear to be applicable to the different facts herein appearing, where the defendant magistrates are attempting to recover pay for their services under a contract made by and with themselves as members of the court.

The court further therein, after considering the provisions of the several sections of the Kentucky Statutes [1840, 4306 and 1845] whereby various fiscal courts are vested with jurisdiction to appropriate county funds to erect and repair necessary public buildings, to build bridges, and exercise a general supervision of the public roads and bridges of the county and wherein it is provided that members of the fiscal court, except the county judge, shall receive $3 a day for each day they are engaged in holding fiscal court, and for each day in which they are engaged in actual attendance at the meetings of the committees of the court in counties maintaining a free system of turnpike roads, held that, where a county maintains such system of turnpike roads, the fiscal court had authority to appoint each member a committee of one to supervise, repair, and maintain such roads within his district and who were to receive compensation for such services at the rate of $3 per day. Also it was therein held that whether the provisions, so permitting members of the fiscal court to make contracts with the county in which they were personally interested and allowing them to be paid therefor, was judicious legislation was not a question for the determination of the court, as there was no public policy which prohibited the Legislature from doing anything which the Constitution did not prohibit, the language of the opinion further adding that:

"The idea that a public official cannot employ himself to do work for the public is the common-law view of the implied limitations on the powers of a trustee. But where the statute expressly authorizes the act, then the common law on that point stands repealed, and, as there is nothing in the Constitution forbidding it, the question becomes one solely of legislative discretion, into the wis-

dom of which this court has neither the jurisdiction nor the inclination to inquire.''

Further, in the third case of Thomas v. O'Brien, 138 Ky. 770, 129 S. W. 103, 104, relied on by the movants in support of their contention that the order was valid and that they are entitled to recover thereunder, according to its terms, for services rendered, an action was brought against a member of the fiscal court to recover money paid him for attending to committee work. The court, in considering the question there presented, used the following language:

"Prior to 1902 the pay of the magistrates who were members of the fiscal court was limited to $3 a day for each day they were in attendance upon the court. * * * And section 1844, Ky. St. [Russel's St. sec. 2978], then also in force, reads: 'No member of the fiscal court shall be interested directly or indirectly, or be concerned in any contract for work to be done or material to be furnished for the county, or any district thereof, nor purchase nor be interested in any claim against the county or state.' * * * In 1902, after appellant's election, the Legislature amended section 1845, Ky. St. [Russel's St. sec. 2919], by adding thereto the following: 'And also for each day in which they are engaged in actual attendance at the meetings of the committees of said court, said compensation to be allowed by said court and to be paid out of the county levy; provided that no compensation shall be allowed to members of the court for attendance at the meetings of the committees except in those counties that maintain a system of free turnpikes under the control and supervision of the fiscal court.' * * * Until the amendment of 1902, it was not lawful for the magistrates to elect themselves or any of their number to do that work, because of the prohibition contained in section 1844, Ky. St., supra. The purpose of the amendment was to remove that disability; that is, the disability to contract with themselves in this one particular, and to expressly allow them to do so. It may be conceded that inherently a public official cannot contract with himself on behalf of the public, unless he be specially authorized to do so.''

It thus appears that the rule is well established, as declared in the Graves Case, supra, that in counties maintaining a system of free turnpikes and retaining supervision and control of them, under proper conditions as recited in the statutes, members of the fiscal court are entitled to receive compensation for committee work done by them under the court's order, in supervising and maintaining such parts of the county's public roads as are located in their respective districts. But the question therefore then becomes: Under what conditions, in counties maintaining a system of free turnpikes, are the members of the fiscal court authorized to make contracts with the county, employing themselves as road supervisors in their respective magisterial districts?

By the provisions of section 4325, Kentucky Statutes, it is in part provided that:

"There is hereby created in the several counties of the state of Kentucky the office of county road engineer. The county judge of each of the counties of this state, by and with the consent of the fiscal court, may * * * appoint a county road engineer, who shall be either a reputable civil engineer or a man who has had practical experience as a road supervisor or builder for two years and who shall have passed a creditable examination by the state commissioner of public roads or one of his representatives. * * * Such county road engineer, except the first, as appointed shall serve a period of two years from and after the first day of January, and until his successor is appointed and qualified. * * * To this end the fiscal court may purchase or rent teams or automobiles which may be used by the county judge or committees of the fiscal court or board of commissioners for inspection of the roads and to determine recommendations on needed work and repairs; provided, that in counties where the fiscal court does not provide for a county road engineer, the services in this act directed to be performed by the county road engineer, except as otherwise herein provided, shall be performed by the county surveyor, or by some other person designated by the county court, and for such service shall receive the same compensation allowed by law to commissioners for dividing land."

Pursuant to the authority given by this section and that given by section 4329, Kentucky Statutes, authorizing the fiscal court to employ agents and to pay them compensation, in the case of Chatham v. Davenport, County Judge, 187 Ky. 801, 220 S. W. 1062, we held that a county judge in his. discretion may or may not appoint a road engineer, but, should none be appointed, he or the fiscal court may employ agents under section 4329, Kentucky Statutes. Further, from a careful consideration of the provisions of section 4325, Kentucky Statutes, quoted supra, it is clearly the intention of the Legislature, as evidenced by its express language therein employed, to authorize the fiscal courts of counties wherein a system of public turnpikes is maintained to provide for the maintenance and supervision thereof by the employment of a county road engineer therefor and who, when so appointed and employed, becomes the county's designated agent for doing this work. But, where the court in its discretion does not provide a county road engineer to look after its county road system, in such event the court may direct that such services be performed by the county surveyor, for which he is to be paid the compensation provided for, or may, upon his election not to employ either a county road engineer or the county surveyor to perform the service of looking after the construction and maintenance of its public roads, designate other persons, including the members of the fiscal court, as special district committees to look after the discharge of this work, for which they may be allowed the compensation allowed to commissioners for dividing land.

. In the Graves Case, supra, it was held that the members of the fiscal court, in a county maintaining a system of public roads, had the right to employ themselves (under section 1845, Kentucky Statutes) as committees for maintaining its system of free turnpikes and to provide that the stated compensation should be paid them for their committee work in looking after the roads, where the fiscal court had not, under the provisions of section 4325, Kentucky Statutes, provided a county road engineer or employed the county surveyor as special agent to perform such service.

In the instant case, however, it clearly appears and is stipulated that the Fiscal Court of Knox county

has already exercised its right given it under the provisions of sections 1845 and 4325 of the statutes to employ a county road engineer and has appointed a Mr. Ballard to such position, and that he is now holding such position and so acting thereunder. We find no implied authority, or even a suggestion, that it was the intention of the Legislature to authorize fiscal courts to employ both a county engineer to look after the maintenance of its county road system and also its members as special committees in their respective districts to aid and co-operate with the county road engineer in the performance of his duties as such.

The rule being that inherently a public official cannot contract with himself in behalf of the public, unless he be specially authorized to do so, and failing to find in the statutory provisions here pertinent where members of the fiscal court are authorized to employ themselves to aid or co-operate with an acting county road engineer appointed by them in the discharge of his duties, but rather, on the other hand, finding that the authority given by the statute to employ themselves as such road committees in their districts is by the language of the statute limited to instances where the court had not provided for a county engineer, it is my opinion that clearly they were without right or authority to pass the order here involved, so employing themselves. It is immaterial that the order recites that it now appears that there is no one in Knox county employed at this time to look after the county roads in all the magisterial districts and no one in such authority charged with the maintenance and supervision of the public roads of the county, where it is stipulated that such an one, to wit, Mr. Ballard, has in fact been employed by the fiscal court and is now acting in such capacity in looking after the county's public roads, which fact or condition is admitted by the further language of the order reciting that the magistrates are employing themselves to serve as committees in supervising and maintaining the public roads of their respective districts at a compensation of $3 a day and "shall work in co-operation with the County Road Engineer."

No reason or justification is perceived for extending unduly the clear meaning and terms of the statutes quoted, as asked for by the movants here, authorizing

their employment of themselves to act as aids to the county road engineer, in seeming disregard, if not in violation, of the terms of those statutes, especially as they are asking that such authority be given them as public officials of the county, who under the general theory and purpose of the law are regarded to be without authority to contract with themselves on behalf of the public and who are to be accorded such right of contracting only where the clear language of the statute vests them therewith.

The provisions of section 1845 of the Statutes, vesting them with such right to contract in the particular instance, it is my opinion are in their nature and effect exceptions to the general rule announced in section 1844 of the Statutes, providing that no member of the fiscal court shall be pecuniarily interested in any contract with the county. Clearly the statute was intended to prevent members of the fiscal court from entering into contracts with the county for the salutary purpose of protecting the county "against the sinister influences and purposes of its fiscal agencies, who might for the purpose of gain enter into contracts much to their own advantage and greatly to the detriment of the county."

The injunction here sought to be dissolved has enjoined the defendant magistrates from employing themselves to assist their employed agent, Ballard, in his work of supervising and maintaining the county's roads upon the grounds that such contract as was attempted to be made by the order entered by the members of the fiscal court was unauthorized by the statutes and was therefore to be held of no effect.

This conclusion and ruling based thereon made by the trial court in granting the injunction here sought to be dissolved being altogether in accord with my views and interpretation of the pertinent statutes, it must be upheld, from which it follows that the motion here made to dissolve the same is overrueld.

I am authorized to state that Judges Thomas and Ratliff concur with me in this conclusion reached.