**TRIMBLE COUNTY by J. S. SHAVER, County Attorney et al., Appellant,**

v.

**Bryan MOORE et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 28, 1955.

Clark & Manby, LaGrange, J. S. Shaver, Bedford, John M. Berry, D. K. Floyd, New Castle, for appellant.

James A. Hall, LaGrange, for appellees.

WADDILL, Commissioner.

In 1950, appellant, the County Attorney of Trimble County, filed this action in behalf of the county seeking to recover certain sums of money which it is alleged were unlawfully paid to appellees while they were members of the fiscal court. By amended petition the Bedford Loan and Deposit Bank was made a party defendant on the theory that it had participated in collecting certain claims from the county for the benefit of the magistrates. The court sustained the general demurrer which the appellees filed to the petition as amended, and dismissed the action. On this appeal the sole question is whether or not the petition as amended states a cause of action in favor of the county against the appellees.

In the petition the appellant states in substance that the appellees were duly elected magistrates of Trimble County during the years 1946, 1947, 1948 and 1949; that during these four years these magistrates composed the Trimble County Fiscal Court; and that the magistrates, while acting as members of the fiscal court, allowed certain claims to themselves for work allegedly done for the county. Specific amounts were set out as having been unlawfully paid to each of the magistrates during the years in question.

It is also alleged that the magistrates caused lumber to be sold to the Bedford Loan & Deposit Bank which was used in the construction of bridges and for other purposes under the management and control of the fiscal court; that although the lumber was delivered directly by the magistrates to the county, the payment was made directly to the bank by the county, and the bank either credited the amount to the magistrates or paid the money directly to them. The appellant charges that all of the claims and payment thereof were made in violation of the law as set out in KRS 61.210. The appellant states that the county is entitled to recover of each of the appellees the 'sums it paid, with interest, from the date of payment.

KRS 61.210, which was in effect during the period in question, provides in part:

"(1) No justice of the peace, while he is a member of the fiscal court, shall, directly or indirectly: (a) Become interested in or receive benefits or emoluments from any contract let by the fiscal court of his county with relation to the building of roads or any internal improvements; (b) Work or supervise work, for compensation, on any public road, bridge, culvert, fill, quarry pit or any other road work or internal improvement under any contract made with the fiscal court; or (c) Furnish, for compensation, any material to the county to be used in the construction of any road or bridge or other internal improvement."

From this statute it can be seen that a magistrate cannot contract with himself or with the fiscal court in receiving benefits or emoluments. The only exception to this was that he could under certain circumstances be appointed by the court as a supervisor of roads in his district and receive a statutory compensation. See, Knox Fiscal Court v. Davis, 267 Ky. 155, 101 S.W.2d 409.

During the period in question, KRS 179.020, subsection (5), provided that, "If the fiscal court does not provide for a county engineer, the duties of the county engineer shall, except as otherwise provided, be performed by the county surveyor or some other person designated by the county court, and he shall receive $1.50 per day for such service."

In Knox Fiscal Court v. Davis, 267 Ky. 155, 101 S.W.2d 409, this Court, in considering pertinent sections of statutes in effect at that time, held that the fiscal court of a county maintaining a system of public turnpikes could employ a county road engineer or county surveyor to construct and maintain county roads, and if an engineer or surveyor was not so employed, the court could employ other persons, including court commissioners to do such work. In that case, since the court had provided for a county road engineer, it was held that the court was without authority to employ its members to supervise construction and maintenance of county roads.

In the case under consideration if the county did not have an engineer or surveyor, the fiscal court had the right to employ its members to accomplish the duties of a county engineer. However, the magistrates did not have the authority to contract with themselves for road work, or do the work personally and receive payment in violation of KRS 61.210.

We think the petition as amended states a cause of action against the appellees since it alleges facts which, if proven, show that KRS 61.210 was violated during the years in question.

In view of our conclusion we think the court erred in sustaining the general demurrer to the petition and in dismissing the action.

Wherefore, the judgment is reversed for further proceedings consistent with this opinion.