### PENNYRILE RURAL ELECTRIC COOPERATIVE CORP., Appellant,

v.

### James E. HIGGINS, County Judge of Christian County, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

May 22, 1964.

**468**

John O. Hardin, Sr., Hopkinsville, for appellant.

W. E. Rogers, Jr., Hopkinsville, for appellees.

Stites, Peabody & Helm, James W. Stites, Lively M. Wilson, Rexford L. Hawkins, Louisville, amici curiæ.

DAVIS, Commissioner.

This appeal presents the question whether Christian County may reimburse Pennyrile Rural Electric Cooperative Corporation for the actual expense of relocating certain electric line facilities that had been located on private property, when the relocation of county roads embraced the private property on which the facilities were located. The Christian Fiscal Court had ordered payment of a portion of the sums expended by appellant in relocating some of its facilities, but the Christian County Attorney had prevented payment of the amount allowed in the order. The county judge had requested the relocation of the facilities, in writing, and the appellant had submitted in writing its estimates of actual removal costs. In some instances the county had paid, under protest, the amount claimed.

■ The case was submitted to the trial court for declaratory judgment upon an agreed statement of facts. There is no dispute between the parties as to the accuracy of the sums spent by appellant; the narrow question is whether the appellant's franchise, granted by Christian County, requires appellant to remove the facilities at its own expense. Decision of the question requires examination of the franchise, which in pertinent part is as follows:

"I.  That there is hereby created and established a franchise or privilege to erect, operate and maintain a system of electric lines, poles, wires, cables and fixtures and appliances necessary and essential to the operation and maintenance of such system along and across the public roads, highways, turnpikes and bridges of Christian County subject to the jurisdiction of this Court.

\*     \*     \*     \*     \*     \*

"IV.  Said lines, wires, cables, poles and fixtures and appliances shall be erected and maintained in a skillful and scientific manner and so as not to endanger the lives, or limbs of persons, or property of those using the public highways of this County so as not to interfere with the operation and maintenance of telephone lines and electric lines now existing in same. The wires and cables strung upon said poles along or across said roads and highways shall be constructed and maintained not less than twenty (20)

feet above the public roads, and at such a height at all times and places so as shall not interfere with the full and free use of said highways for traffic purposes. Said poles shall be located outside of the valleys and ditches, and so as not to interfere with the public traffic or travel on said public highways and turnpikes, nor with the maintenance, repairs, construction, re-construction, relocation or re-establishment thereof or drainage of same, or to the entrance to any private property and in case of any interference occasioned thereby in the same, or in any relocation or re-establishment of any road, or highway, shall be removed and reset at the order of this Court, or of the Road Engineer thereof, at the expense of the owner of this franchise."

It is observed that the franchise specifically relates to the maintenance of the electric system "along and across the public roads, highways, turnpikes and bridges of Christian County subject to the jurisdiction of this Court." Indeed, it is not perceived how the county could have assumed authority to grant any rights relating to property *not* within its own jurisdiction. We conclude that the franchise does not purport to deal with appellant's facilities outside the rights-of-way owned by Christian County.

It follows, therefore, that the quoted language in paragraph IV of the franchise refers only to facilities located within the county rights-of-way when it imposes on appellant the cost burden for the removal of "said poles."

It is argued that appellant had agreed to relocate any and all of its facilities, whether on or off the county right-of-way, so that it has a contractual liability to defray all relocation expense. It is then reasoned that since the county had a valid contract requiring appellant to pay for the relocation of all facilities, the county may not expend public funds for payment of appellant's obligation. It may well be that such a contract could have been made between the county and appellant—the difficulty is that such an agreement was not made.

■■ The fiscal court has the authority to expend public funds under its control for the relocation of roads. KRS 67.080 and 178.115. Since there is no contractual obligation upon appellant to relocate its facilities already *off* the county right-of-way, it follows that the expenditures by the fiscal court to accomplish the relocations are legal expenditures.

Our ruling in Southern Bell Tel. & Tel. Co. v. Commonwealth, Ky., 266 S.W.2d 308, does not govern this case; there the rule was reaffirmed requiring the utility to remove its facilities from the public right-of-way at its own expense. The decision does not stand for the proposition that the utility is required to remove facilities from its *own* privately acquired right-of-way on relocation of the highway.

There is ample authority for the proposition that an easement owned by a utility is property, and that it cannot be divested without compensation to the owning utility. See Panhandle Eastern Pipe Line Co. v. State Highway Comm'n, 294 U.S. 613, 55 S. Ct. 563, 79 L.Ed. 1090. However, we do not regard the issue before us as extending to that legal area. The controversy as presented to us does not involve the question of value of any easement taken from appellant; rather it touches the authority of Christian County to expend public funds to reimburse appellant for costs incident to relocation of appellant's poles and lines. Under the circumstances shown here, we have no difficulty in concluding that the county is legally authorized to make the expenditures in question.

The judgment is reversed with direction to enter judgment in conformity with this opinion.