**Henry WARD, Individually and as Commissioner of the Department of Highways, Appellant,**

**v.**

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1968.

Rehearing Denied Feb. 28, 1969.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, W. O. Gilbreath, Lexington, Robert Rieckhoff, Frankfort, Highway Dept., for appellant.

Lively M. Wilson, Stites, Peabody & Helm, Louisville, for appellee.

OSBORNE, Judge.

The question presented on this appeal is, Should the Commonwealth of Kentucky be required to pay Southern Bell Telephone and Telegraph Company for removal and relocation of its lines in Fayette County, Kentucky, from the Richmond and Lexington Turnpike road? The facts giving rise to the controversy between the parties are as follows:

In 1834 for the purpose of building a turnpike from Richmond to Lexington the legislature of the Commonwealth of Kentucky granted a franchise to a corporation, the Richmond and Lexington Turnpike Road Company. The turnpike was constructed by the company and tolls charged for its use in accordance with the franchise. In March of 1893 the turnpike company granted to the East Tennessee Telephone Company permission to construct and maintain a telephone line along the right of way. In July, 1897, after the line had been constructed, the turnpike company sold a portion of the turnpike to the Fayette County Fiscal Court. The fiscal court maintained and operated the turnpike for some period of years until ownership and maintenance were transferred to and assumed by the Department of Highways for the Commonwealth of Kentucky. Without detailing further transfers of title it is only pertinent to point out that the Commonwealth of Kentucky now has all the rights of the Richmond and Lexington Turnpike Road Company and Southern Bell Telephone Company now has all the rights of the East Tennessee Telephone Company. There were negotiations between the parties which are not pertinent to an ultimate decision in this case. Southern Bell is now insisting that the Commonwealth can not require it to remove or relocate its lines without compensation. The thrust of their argument is that the grant to maintain the lines from the private turnpike authority was a grant of private property rights protected by the Constitution which can not now be abrogated or interefered with by the state without compensation.

Both sides admit that normally an electric company must remove its poles and lines from the right of way along a public highway without compensation. This result is unavoidable in view of a long line of cases, the latest of which involved this same utility company, Southern Bell Telephone and Telegraph Company v. Commonwealth, Ky., 266 S.W.2d 308 (1954). Both sides also concede that a public utility cannot be compelled to remove its poles and lines from land which was private property at the time

the permission was given without being paid for its expenses. Pennyrile Rural Electric Cooperative Corp. v. Higgins, Ky., 379 S.W.2d 467 (1964). The only question presented is whether this toll road was public or private property at the time the easement in question was given.

A toll road is a peculiar kind of animal. Even though it is privately owned, it is in many ways circumscribed by regulations in favor of the public interest. Indeed, from a perusal of the Kentucky cases, the only sense in which ownership can be called private is in its right to be compensated if the road is taken over by the state; and in its right to sell certain incidental properties not directly a part of the road, such as residences of toll keepers. Richmond & L. Turnpike Road Co. v. Madison County Fiscal Court, 114 Ky. 351, 70 S.W. 1044. Foster v. Frankfort, Lexington and Versailles T. P. R., 23 K.L.R. 1690, 65 S.W. 840; Gorham v. Lexington and Newtown Turnpike Road Co., 23 K.L.R. 10, 62 S.W. 260. Indeed this court has said, "* * * A turnpike is a highway differing neither in responsibility for its proper maintenance, nor in any other particular, from an ordinary highway, save in the mode of constructing and maintaining it. * * *" Graves County ex rel. County Attorney v. Graves Fiscal Court, 259 Ky. 532, 82 S.W.2d 794, 796 (1935) and in 54 Am.Jur., Turnpikes and Toll Roads, § 2, P. 494, the rule is set out as follows:

"A Turnpike or toll road is a public highway, established by public authority for public use * * *. Indeed, the only difference between a turnpike and a common highway is that while a turnpike is authorized and laid out by public authority, it is built at the expense of private individuals in the first instance, the cost of construction and maintenance being subsequently reimbursed by a toll levied by public authority for the purpose."

■ We believe that a toll road is, therefore, a public road for these purposes,

and that Southern Bell is not entitled to compensation for its expenses in removing poles and lines.

Appellee contends that regardless of the merits of the case, the decision is foreclosed by a 1954 decision of the Henry Circuit Court in a very similar case. There the telephone company had succeeded to the rights of a prior telephone company under a deed given by the original toll road company, and the toll road had later, after the lines had been erected pursuant to the deed, been conveyed to a county and subsequently to the department of highways. There are minor factual distinctions which can be drawn, however, they are not significant in light of the basis of this decision. Therefore, we are faced squarely with the issue, should collateral estoppel apply in very similar cases between the same parties involving entirely different pieces of land derived under different contracts, but where the questions of law are identical? In looking at this issue we must also consider that the prior decision, which is several years old, was by a circuit court and not by this court, and is, in light of our foregoing discussion, erroneous.

■ Collateral estoppel applies to situations where res judicata is not applicable, primarily a different case between the same parties with either, (1) factual determinations arising out of the same situation, or, (2) closely similar questions of law. In the situation where facts arising out of the same occurrence are involved and were actually litigated, estoppel applies. However, the rule is not as strict with regard to issues of law. The Restatement of the Law, Judgments, § 70, P. 318, gives the rule as follows:

"Where a question of law essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action except where both causes of action

arose out of the same subject matter or transactions; and in any event it is not conclusive if injustice would result."

There are three different situations where similar facts and the same issue of law would occur between the same parties. First, there is the situation where it was merely fortuitous, such as two very similar automobile accidents. Secondly, there is the situation where the dispute arose out of a continuing course of conduct which constituted distinct events for legal purposes, such as tax for various years, or the payment of a salary for different years. And, finally, there is the situation where because of the peculiar nature of the businesses of the parties they would often have the same situation arise, such as here, where the highway department is often requiring that utility lines be moved, and Southern Bell happens to have many utility lines, more than a few over former toll roads. In the first situation no one asserts that estoppel by judgment should apply, beyond stare decisis, which would apply regardless of the identity of the parties. In the second, many courts have held that estoppel should apply unless there was an interim change in the "legal climate" either through a change in an applicable statute or through an interim court decision. Hall v. Noplis, Ky., 367 S.W.2d 456; Smith v. Campbell, Ky., 286 S.W.2d 532; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; United States v. Russell Mfg. Co., 2 Cir., 349 F.2d 13; Pittsburgh Railways Co. v. Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees of America, Div. 85, D.C., 176 F. Supp. 16. However, many courts have refused to apply it in these situations if inequity would result from the party having the fortuitous decision being able to rely on it, while others similarly situated could not. Grandview Dairy v. Jones, 157 F.2d 5; Christian Board of Pub. v. Division of Employment Empire (Mo.App.), 279 S.W.2d 55; Young Men's Christian Ass'n of St. Louis & St. Louis Co. v. Sestric Assessor et al., 362 Mo. 551, 242 S.W.2d 497; In re Breuer's Income Tax, 354 Mo. 578, 190 S.W.2d 248. We can find no cases dealing with the third situation, which is the one we have here.

However, we believe that this case is much like the first, the parties fortuitously happen to have the same facts and issues arise again. Though the litigation was between the same two parties in each case, the original contracts were not. The contract in the Henry County case was between the New Castle Carrollton Turnpike Road and the Ohio Valley Telephone Co. Whereas, in this case the contract was between the Richmond and Lexington Turnpike Road Company and the East Tennessee Telephone Company. In each instance the road and the telephone lines went through various hands before eventually ending up with the two parties here. The roads are in different counties and are distinct pieces of property which happen to now belong to the same parties. The contracts are not identical having different provisions as to consideration and the rights granted.

However, even if we judge it as the second situation, estoppel would not apply for it would be inequitable in the language of the restatement, and would allow the act of one government attorney, in failing to appeal, to forever bind the state to pay for something they have by right. Furthermore, any other telephone company would not have the benefit of the erroneous decision of the circuit court, and therefore, would be treated inequitably. Finally, estoppel by judgment should not be applied between entities having perpetual life in a controversy likely to occur again and again. For these reasons, estoppel by judgment does not apply to the situation presented here. Insofar as they are inconsistent, we overrule Carroll v. Fullerton, 215 Ky. 558, 286 S.W. 847 and Smith v. Campbell, Ky., 286 S.W.2d 532.

The judgment is reversed.

All concur.