## Rawlings v. Lyttle, County Judge, et al.

(Decided February 19, 1914.)

### Appeal from Clay Circuit Court.

1. Roads—Act of 1912 by Which Road Overseer Abolished.—Under the act of 1912, the office or road overseer is abolished, and where a county maintains its dirt roads by working the hands upon them, this under the act must be done under the charge of the county road engineer; the county court is no longer authorized to appoint road overseers to perform this duty.

2. Statutes—Construction.—One section of a statute will not be construed as nullifying another section of the same act if both sections can be given a reasonable construction under which both can be sustained.

A. T. W. MANNING for appellee.

DAVID J. LYTTLE for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Overruling motion to dissolve injunction.

The motion to dissolve the injunction granted by the circuit judge involves this question: When the fiscal court of a county maintains the public roads not by taxation but by working the hands upon them, may the county judge appoint overseers of these roads, as under the old statute, or must the work be done under the direction of the county road engineer?

The Act of March 18, 1912 (See Session Acts 1912, page 309) defining public roads and regulating their construction and maintainance, among other things provides:

"There is hereby created in the several counties of the State of Kentucky the office of County Road Engineer. The county judge of each of the counties of this State by and with the consent of the Fiscal Court shall within thirty days after this law becomes operative, on or before the first day of October, nineteen hundred and twelve, and every two years thereafter, appoint a County Road Engineer, who shall be either a reputable civil engineer or a man who has had practical experience as a road supervisor or builder for two years and who shall have passed a creditable examination by the State Commissioner of Public Roads or one of his representatives. (Sec. 48.)

"The County Road Engineer appointed as provided in section forty-eight of this chapter, shall have general charge of all public roads and bridges within his county excepting turnpikes or bridges owned by or maintained and operated wholly by some citizens or company, and as otherwise expressly provided in relation to incorporated cities, towns and villages or other localities, and shall see that same are improved, repaired and maintained as provided by law, and have the general supervision of the work of construction, repairing and improving public roads and bridges in his county. (Sec. 52.)

"By and with the advice and consent of the County Judge, the County Road Engineer shall employ such agent or agents in the different road precincts of the county as may be necessary to carry out the provisions of this chapter, and may summarily discharge such employees at pleasure; such employees shall perform service upon the public roads of the county in whatever station employed, according to the direction in the manner prescribed by the County Road Engineer. Such employees may receive such compensation per day as may be agreed upon with the County Road Engineer, subject to the approval of the County Judge. (Sec. 53.)

"It shall be the duty of each County Road Engineer within thirty days after the first day of January next after his appointment if ordered by the County Court and every year thereafter, to lay out and divide, or cause to be laid out and divided, all the county roads in the county into sections not exceeding two miles in length, which he shall number and describe in a book kept by him for that purpose. (Sec. 54.)

"It shall be the duty of each County Road Engineer to see that all the roads in his county heretofore established, or that may hereafter be established as public roads, be put and kept in as good repair as may be, within the means at his command as herein provided. (Sec. 61.)

"The County Court shall furnish the County Road Engineer and his employees in the county with all necessary books, stationery and printed forms for the records and uses of their respective offices." (Sec. 90.)

"That the office of road overseer and road supervisor provided for in chapter 110, Kentucky Statutes, are hereby abolished and all the duties and powers and qualifi-

cations prescribed in said act as pertaining to the said offices of supervisor and overseer shall be performed and applied to the office of road engineer as is created in this chapter, after December 1, 1912. (Sec. 94.)

"Nothing herein contained shall interfere with the right of any county to construct, reconstruct or maintain its roads and bridges by means of road and other machinery in such manner as the Fiscal Court may provide, nor shall it interfere with the right of any county to warn in hands on dirt roads as now provided by law." (Sec. 95.)

These provisions of the act must be read together in determining its meaning. Upon the whole act it is evident it was designed to inaugurate a new system of maintaining the public roads. The office of road overseer and road supervisor are abolished. All the duties and powers pertaining to these offices are transferred to the office of road engineer. By section 52 he is given general charge of all public roads in the county and is given the general supervision of the work of repairing and improving the public roads. By section 53 he is authorized by the advice and consent of the county judge to employ such agents in the different road precincts as may be necessary, such agents to receive the compensation agreed upon with the county road engineer subject to the approval of the county judge. It is his duty under section 54, within thirty days after the first day of January next after his appointment if ordered by the county court and every year thereafter, to lay out or cause to be laid out, all the county roads of the county into sections. It is his duty under section 61 to see that all the public roads are put in order and kept in as good repair as may be done with the means at his command.

Section 95 can not be read as conflicting with the previous sections of the act. A construction which annuls some of the words of a statute, cannot be adopted, if a reasonable construction can be given to it which will give effect to all the words employed. (Nichols v. Wells, Sneed, 255; L. & E. Mail Co. v. Barbour, 8 R., 436; Johnson v. Equitable Assoc. So., 137 Ky., 437.)

Instead of maintaining the roads in other ways, the county has the right to warn in hands on dirt roads as was then provided by law. The warning in of the hands under the rule as it then stood was a duty of the road

overseer. But as the office of road overseer is abolished by the act, and the duties of that office are to be performed by the road engineer, the road engineer or his agent is now the officer to warn in hands and direct them in their work on the road and perform all the other duties of the road overseer. The duty of keeping the road in order which formerly rested upon the road overseer now rests upon the road engineer. In the employment of agents the road engineer must act with the advice and consent of the county judge and any agreement made by him with such agents as to their compensation, is subject to the approval of the county judge. To quote all the provisions of the act showing its purpose would be to unduly extend this opinion; but taking it as a whole we are of opinion that its purpose was to have one officer in the county, the county road engineer, who should have charge of the public roads of the county, and that he was to take the place of road supervisor and road overseer under the former law.

The judgment of the circuit court conforming to these views, the motion to dissolve the injunction is overruled.