## Shannon, Auditor of Public Accounts, v. Combs.

(Decided May 13, 1938.)

HUBERT MEREDITH, Attorney General, and M. B. HOLI-FIELD, Assistant Attorney General, for appellant.

R. L. BRONAUGH and HUNT, BUSH & LISLE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The question here presented is whether or not chapter 13, Acts of 1936-37, 4th Extraordinary Session of the General Assembly of Kentucky, creating the office of highway patrol and investigator for each county and making it the duty of the sheriff of each county and his deputies to perform the additional duties imposed upon and required of him as such officer, and further providing for the payment of compensation to him for performing same, is valid and constitutional, in so far as it applies to payment of compensation to a sheriff, for the additional services performed, in office at the time the act was passed and became effective.

It is disclosed by the record that the appellee, John Combs, was the duly elected, qualified, and acting sheriff of Jessamine county, Ky., for a four-year term, beginning on the first Monday in January, 1934, and expiring on January 3, 1938, upon the qualification of his successor in office.

Further, it appears that by a proclamation of December 23, 1936, Acts 1936-37, 4th Ex. Sess., p. ix, Gov-

ernor Chandler convened the General Assembly of Kentucky in extraordinary session and designated certain named subjects upon which legislation was asked; that he again, January 8, 1937, by an amended proclamation, duly promulgated, further authorized it to consider and legislate, during such fourth extraordinary session so convoked, upon certain additional subjects therein designated, one of which was:

"To enact legislation requiring the policing of highway accidents, of the operation of road houses and of the conduct of alcoholic beverage dispensaries, and providing for the compensation of officers charged with the performance of such police services." Acts 1936-37, 4th Ex. Sess., p. xiii.

Responsive to such authority given, the General Assembly enacted chapter 13 of the acts of that extraordinary session, now sections 3786-1 to 3786-7, Carroll's Kentucky Statutes, 1937 Supplement, which we will, for the convenience of brevity, hereinafter refer to as chapter 13.

By the provisions of this act, chapter 13, the Legislature created the office of county highway patrol and investigator for each county of the commonwealth, and directed that the duties and services imposed and required by the provisions of the act should be performed by the qualified and acting sheriff, or his deputies, in each county.

These new duties and services, imposed upon and required of the sheriff, or his deputies, by the act constituting him county highway patrol and investigator, were, in keeping with the proclamation calling for the creation of that office, that he should patrol and police the highways, regulate traffic, and investigate accidents and collisions occurring thereon; also, that he should inspect and investigate all restaurants and road houses in the county, where intoxicating liquors were sold and public dancing permitted and rooms furnished men and women for lodging; and that he or his deputies should report in writing once a month his findings and conclusions to the county attorney and file with the circuit court clerk a duplicate thereof, to be by him delivered to the next convening grand jury of his county.

Further, the act, by its section 4, provided that each sheriff, in consideration of his performance of these additional services imposed upon and required of

him, in acting as such patrol and investigating officer, should receive a "reasonable compensation therefor" of not more than $1,500, or such an amount as, when added to the sheriff's official salary for the year, would not in the aggregate exceed the constitutional limitation of $5,000 or other limitations contained therein.

By the last and seventh section of the act, it was declared that:

"Whereas, The protection of the health, safety and morals of the community require the immediate performance of the additional services herein required of each sheriff and his deputies in each county of Kentucky, an emergency is hereby declared to exist, and this Act shall become a law and be effective on its passage by the General Assembly and its approval by the Governor."

Whereunder it became effective on January 18, 1937.

Thereupon, the appellee sheriff and his deputies immediately assumed and undertook the performance of all the duties thus imposed upon him by the act and continued to render and perform them until January 3, 1938, when his term of office expired and his successor took over the office.

Soon following this, the appellee made written demand, supported by affidavits, upon the appellant, Auditor of Public Accounts, for payment to him, in the manner directed by the act, of the sum of $1,500 as being a "reasonable compensation" for the additional services rendered by him and his deputies, under and as required by the provisions of the act, from its passage and effective date on January 18, 1937, to the end of his term, January 3, 1938.

It appears that the appellant, Auditor, upon receiving this demand, consulted with the Attorney General as to his issuing a warrant for this extra compensation. Upon being advised by him that this extra compensation provided by the act for the sheriff and his deputies should not be paid the appellee without first obtaining a judicial determination of the validity of the act, where applied to a sheriff in office at the time of its passage and effective date, the Auditor refused to comply with the appellee's demand for payment.

Thereupon, this action was brought in the Franklin circuit court on February 17, 1938, under the De-

claratory Judgment Act, Civil Code of Practice, sec. 639a-1 et seq., wherein the appellee, John Combs, sought a declaration as to the validity of said act and as to the rights of the parties thereunder.

The appellee's petition alleged all the material and necessary facts above recited, and the additional facts as to the specific services rendered by him and his deputies in their proper performance of the duties by the act imposed upon him as county highway patrol and investigator.

The allegations of the petition, properly pleaded, were admitted by appellant's demurrer filed thereto, which the able trial court, after due consideration, overruled.

The plaintiff (appellee) declining to plead further, the case was then submitted to the court, when it adjudged that chapter 13 (the act here involved) "is constitutional and valid; that said act requires sheriffs to perform extra services outside of their official duties; that said act in providing compensation for the services required by said act is valid and constitutional, *even when applied to sheriffs in office at the time said act* became effective; that the plaintiff, John Combs, having performed the services required by said act, as sheriff of Jessamine county, Kentucky, for the year 1937, is entitled to the compensation provided therefor, and is entitled to have the defendant issue to said plaintiff a warrant drawn on the treasurer of the Commonwealth of Kentucky for the sum of fifteen hundred ($1500.00) dollars, as reasonable compensation for said services for the year 1937, and *defendant is legally obligated to issue said warrant.*" (Italics ours.)

From this judgment, upholding the constitutionality of the act and its validity in providing compensation for the services required of sheriffs by it, even when applied to the compensation of a sheriff in office at the time said act was enacted and became effective, the Auditor has appealed, challenging the propriety of the rulings made upon several grounds: (1) That the action was prematurely brought; (2) that the sheriff being a county officer, the Constitution bars the state from levying a tax for a county or assuming its indebtedness owing an officer thereof for services rendered; and (3) that the salary or compensation of a county officer cannot be changed during his term of office.

In view of our conclusion reached, that the last of these objections is meritorious and should prevail, it becomes unneedful to consider the first two of these assignments of error urged upon us, and we will now turn our attention to a discussion and disposition of the last or third objection raised and earnestly insisted upon, that chapter 13 is unconstitutional, in so far as its provisions relate to and authorize the payment of extra compensation to a sheriff for his performing the additional services imposed upon and required of him by the act, where such act was enacted and became effective during his term of office, in that the same is, to such extent, violative of the provisions of section 161 of the Constitution, prohibiting a change in the salary of a public county officer during the term for which he was elected.

In view of such inhibitions of the Constitution against a change in the salary of a public officer during the term for which elected, either increasing or diminishing it, it follows that if the act provides for an additional salary to the appellee as sheriff for services performed by him as such, the same is violative of this inhibition of the Constitution and is therefore invalid; while on the other hand, if it does effect an increase in the salary or compensation paid the appellee as sheriff for such additional services performed by him which were of a character lying outside and foreign to his official duties, as such, it is not violative of these restrictive provisions of the Constitution, and is, therefore, not invalid.

The opinions of this court, when carefully considered as based on and addressed to the particular facts presented in each case, and considered with reference to whether or not they were alien or appurtenant, in their special character and nature, to the official duties of the particular officer, upon whom was imposed the rendering of the particular extra service, for which an extra compensation is made payable, as far as an extra service rendered by him not adhering to his official duty, are not in conflict upon the question of what is or is not to be regarded or held to effect a change or increase in the salary or compensation of a public officer during his term of office for which elected.

As said in this connection in Coleman, Auditor, v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133, 137:

"It has been consistently held by this court that the General Assembly has the power to impose new duties on a public officer as such, and that no increase in compensation for the discharge of such duties may be made during his term of office. The question always is whether the General Assembly is acting within its authority in changing the duties of the office by imposing additional work on the office itself. If that is the effect of an act increasing duties of a public office, the compensation may not be increased during the term for the performance of such duties."

Continuing, the opinion enters into a very comprehensive and thorough consideration and review of the repeated cases wherein this question has been presented and decided under the testing guidance of the governing principle, as stated, supra, that, if the effect of an act, providing extra compensation for performing an additional service imposed upon an official, only is to increase the duties reasonably coming within the scope of the public office, the compensation may not in such case be increased during the term of office for which elected for the performance of such duties.

Further, the Hurst opinion, supra, (page 138) quotes with approval this rule as declared in Slayton v. Rogers, 128 Ky. 106, 107 S. W. 696, 32 Ky. Law Rep. 897, that:

"Where an officer or employee performs extra services outside of official duties and with which they have no affinity or connection, and which do not interfere with his official duties, he is entitled to compensation."

It further held that where such is not the character of the services performed by the official, no recovery may be had of compensation for performing such services.

The opinion in the Hurst Case, supra, further reviews and cites, among numerous others, the cases of Bright v. Stone, Auditor, 43 S. W. 207, 20 Ky. Law Rep, 817, and Commonwealth v. Carter, 55 S. W. 701, 21 Ky. Law Rep. 1509, the decisions of which are illustrative of this determining principle. In these cases the General Assembly had allowed the circuit court clerk a fee of $5 for services rendered by him in connection with felony cases, when there had been no provision

for the payment of such compensation at the beginning of his term. We therein held that the increase in compensation was invalid for that term.

Reviewing further cases, we said in the Hurst Case (page 137):

"The fiscal court of McCracken supplemented the salary of the circuit judge during his term of office. In the case of McCracken County v. Reed, 125 Ky. 420, 101 S. W. 348, 31 Ky. Law Rep. 31, this court held that the order supplementing the salary was invalid during that term of the circuit judge. * * *

"To the same effect is the case of James, Auditor, v. Duffy, 140 Ky. 604, 605, 131 S. W. 489, 140 Am. St. Rep. 404. The General Assembly had made it the duty of a county attorney to represent the commonwealth in collecting inheritance taxes. This law went into effect during the term of the county attorney. He sought to recover the compensation provided by the act, but a recovery was denied on the ground that it was an increase of his compensation during his term. This is another case where duties were added to the office, and the officer was required to discharge the duties.

"The General Assembly enacted a law to suppress certain diseases in live stock, enlarging the scope and adding to the duties of the office of commissioner of agriculture. Compensation was provided for the additional duties. The officer filling the office at the time sought to collect the additional compensation, but his right to it was denied by this court in the case of Greene v. Cohen, 181 Ky. 108, 203 S. W. 1077. In that case this court clearly pointed out the distinction between new duties added to the office, which the officer must perform, and cases where duties were prescribed aside from those which belonged to the office, which the officer must perform."

Again, was the same question presented and fully considered and discussed in the case of Greenup County v. Spears, 259 Ky. 114, 81 S. W. (2d) 905.

There the appellee circuit court clerk of the county attempted to collect for services rendered by him as librarian under the act there involved so providing and

imposing the duties of acting as the county librarian upon the clerk. The judgment of the lower court, allowing the clerk to recover compensation for performing the extra services as librarian imposed on him by the act, upon appeal was reversed.

The court, in discussing the question as to whether permitting the clerk to recover extra compensation for these additional services, in connection with and additional to his official duties as clerk, was in violation of sections 161 and 235 of the Constitution, forbidding a change in the salary of public officers during the term for which they were elected and in holding that it was, said (page 907):

> "In those three cases (Cammack [James v. Cammack, 139 Ky. 223, 129 S. W. 582] Duffy, and Hurst Cases) we held, in substance, that the increased compensation provided for in all of them was in payment of duties to be performed by the officer upon whom they were imposed in the accomplishment of purposes totally foreign to his office, since they were, in effect, imposed upon him as an individual rather than an increasing of his duties as such officer * * *."

Continuing, the court further said (page 908):

> "It requires no nicety of distinction to detect the difference between the three principal cases relied on by counsel for plaintiff herein, and the doctrine announced in the Cohen and other cases preceding and following it; nor can any sort of reasoning differentiate the facts of this case from those appearing in the Cohen opinion. As pointed out therein, the new duties imposed by the involved statute, though increasing the labor, were not foreign to those theretofore properly belonging to the office, although some of them were to be performed away from the location of the incumbent's office, and which latter fact made that case [the Cohen Case] a stronger one for the contention of the officer than is true in this case."

We are led, in harmony with the conclusions reached in this, the latest holding of this court upon this question, to conclude that the trial court erred in allowing the sheriff a recovery of compensation for his performance of the additional duties here imposed and required of him under the provisions of chapter 13. The

recovery was allowed in the trial court upon the ground that the sheriff, when acting as a highway patrol officer, was rendering a duty and extra service lying outside of and foreign to his official duties as sheriff; that these duties were imposed upon him "as an individual," not as such official.

Clearly, the court's attributing such character to and making such classification of the duties performed by the sheriff was not in harmony with the view taken of the very like services performed by the officials in the Cohen and Spears Cases, for which no allowance of extra compensation was permitted.

For such reason, we are led rather to regard the imposition upon the sheriff of these extra duties only as "an increasing of his duties as such officer," properly bringing the instant case within the principle and rule of the Cohen and Spears Cases, refusing to allow compensation for the discharge of such duties within his jurisdictional territory during the official's term of office as being in violation of the constitutional inhibitions, the very purpose of which "was to prevent precisely what was here indirectly attempted."

The propriety of making such like characterization of the additional services here performed by the sheriff is further strengthened by the very language of section 7 of the act involved, declaring an emergency to exist upon the ground that "the protection of the health, safety and morals of the community require the immediate performance of the *additional* services herein required of each sheriff," as being such as may be deemed in affinity with the official duties of the sheriff as a conservator of the peace of the county, and therefore, when imposing the discharge of these duties upon the sheriff, it results in only changing the volume of the duties of the official as imposing additional work on the office itself, for the performing of which no recovery of extra compensation will be allowed.

Such being our view, we conclude that upon the authority of the principle and precedent found in the Spears Case, supra, that the judgment of the trial court, holding the act valid even when applied to sheriffs in office (as was the appellee) at the time the County Patrol Act became effective, being not in accord therewith, should be, and it is to such extent only, reversed.