## Shannon, Auditor of Public Accounts, v. Dean et al.

June 20, 1939.

William B. Ardery, Judge.

280

Hubert Meredith, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellant.

R. W. Keenon for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming in part and reversing in part.

The case presents for consideration Chapter 13 of the Acts of the Fourth Extraordinary Session of the Legislature, 1936, published as Section 3786-1 et seq. of the Statutes, by which was created a "County Highway Patrol and Investigator" for each county, the duties of

which are performed by the respective sheriffs. The Act is constitutional, except possibly as to the authority of the sheriff to issue subpoenaes. Milliken v. Harrod, 275 Ky. 597, 122 S. W. (2d) 148. But in so far as it provided for compensation to sheriffs in office at the time of its enactment, it was ineffective. Shannon v. Combs, 273 Ky. 514, 117 S. W. (2d) 219. The construction the court is now asked to give relates to the amount and method of ascertaining the compensation allowed the sheriffs who assumed office after the act became effective. The case also involves the question of the effectiveness of the provision as to compensation in the absence of specific appropriation of funds by the legislature.

The appellee, Everett B. Dean, Sheriff of Jessamine County, made a claim upon the Auditor of Public Accounts for $1500, as compensation for services during 1938. In support he filed affidavits of himself, of the County Attorney and Circuit Court Clerk, showing that he had performed the duties and made the necessary reports fully and strictly as required by the statute, and had otherwise complied with the law. In his own affidavit the sheriff stated that after excluding reasonable compensation for his deputies and expenses of his office, his net receipts, as sheriff, amounted to $1,838.61. He also filed detailed statements upon forms provided by the Auditor of the receipts and expenses of his office during the year 1938, and of his predecessor for the year during his term of office in which he had received the highest gross and net amount, the latter sum being $3,903.52. The Auditor, however, declined to fix the amount of the sheriff's compensation for his services under this act and to issue a warrant therefor. This suit was then filed seeking a declaration of rights in several specific respects. All of the foregoing facts were well pleaded. The court adjudged:

"1. That the Act referred to in the pleading is constitutional.

"2. That it is the duty of the defendant, E. E. Shannon, Auditor of Public Accounts, to hear proof on the claim presented by the plaintiff as to the character of services rendered by said plaintiff, Everett B. Dean, Sheriff of Jessamine County, and his deputies.

"3. That after hearing such proof, the said de-

fendant will fix an amount to compensate the plaintiff for the services performed under said Act, and will make a reasonable allowance for the services performed in a sum not to exceed One Thousand Ninety-six Dollars and Forty-eight Cents ($1,-096.48), this being the difference between the highest net amount received by the plaintiff's predecessor, John Combs, and the maximum amount allowed by the Constitution of Kentucky, Five Thousand Dollars ($5,000.00).

"4. That it is not necessary for an appropriation to be made by the Legislature of the Commonwealth of Kentucky before a warrant can be issued for the amount fixed by the defendant for the services rendered by the plaintiff and his deputies; that when said amount is thus fixed, the defendant, Ernest Shannon, Auditor of Public Accounts, is directed to issue a warrant on the Treasurer of the Commonwealth of Kentucky, payable out of the General Fund for the amount fixed.

"5. It is further ordered that the plaintiff is not entitled to receive the sum of Fifteen Hundred Dollars ($1,500.00), under the Act during the year 1938."

The Auditor appeals and challenges the correctness of the declaration. The appellee cross-appeals and challenges, particularly, the correctness of the third declaration that he is entitled to less than $1,500.

Sections 4 and 4a of the Act (Sections 3786-4 and 3786-5 of the Statutes) are as follows:

"Section 4. Each county sheriff for the additional services herein required shall receive reasonable compensation therefor, and not more than One Thousand Five Hundred Dollars ($1,500.00), per annum, to be determined by the Auditor of Public Accounts of the Commonwealth and paid by the treasurer thereof out of the General Fund, provided the compensation of said officer as sheriff, together with his other compensation as sheriff, as now provided by law, shall not in any year exceed a total of Five Thousand Dollars ($5,000.00), together with the reasonable compensation of his deputy sheriffs and the expenses of his office as sheriff as now allowed by law, said additional compensation to commence from the effective date of this Act.

"Section Four-a (4-a). The Auditor in determining the amount to be paid shall pay to such sheriffs that sum of money which will not cause the sheriff to draw in excess of the largest sum heretofore received by the sheriff during the tenure of his office or of his predecessor and in no event in excess of the Constitutional limit."

The Auditor takes the position that he is without authority to issue a warrant for the compensation claimed by the sheriff because of the failure of the Legislature to make an appropriation therefor in the Act appropriating money for the operation of the various agencies and for the compensation of the officers of the State for the biennial period from July 1, 1938. Ch. 1, Acts of 1938. He believes his position is justified by the inhibition of Section 1992b-6 of the Statutes, which is as follows:

"All expenditures of the Commonwealth and of all the budget units thereof shall be made by virtue of the authority of an annual or biennial appropriation act or appropriation acts, which shall be based upon a budget prepared as set forth in this act."

Section 1992b-26 of the Statutes declares that no disbursements, except for salaries of elected State offices, and for other purposes not germane to the case, shall be made except as may have been provided for in the budget. This is a part of the "Budget and Financial Administration Act of 1934," Chapter 25, Acts of 1934. It is to be noted that the law we are construing was enacted in the latter part of 1936, and it must therefore prevail as the more recent legislation. It is to be further noted that the Appropriation Act of 1938 was passed and became effective after the appellee was elected and had assumed the duties of the office of sheriff, so that he could not be affected by its terms or its omissions respecting his compensation during his tenure. Shannon, Auditor v. Combs, supra. Our consideration of the issue is, therefore, confined to Sections 3786-4 and 3786-5 of the Statutes independently of the other acts.

When the amount of compensation for the additional services required of the sheriff shall have been ascertained in the manner prescribed, the statute requires that it be "paid by the treasurer thereof out of the General Fund." Section 230 of the Constitution provides:

"No money shall be drawn from the state treasury, except in pursuance of appropriations made by law."

It is not necessary that the legislative act should use the word "appropriate." The direction to the Auditor to issue a warrant and the Treasurer to pay it out of the general fund is an appropriation within the meaning of the Constitution. Bosworth v. Harp, 154 Ky. 559, 157 S. W. 1084, 45 L. R. A., N. S., 682, Ann. Cas. 1915C, 277. There is no disclosure in the record that the general fund was exhausted or that there was no money in the treasury with which to satisfy the claim. So that the question raised as to the duties of the office being governmental, and hence the obligation to pay preferred and the issuance of the warrant required, need not be considered. Sections 143 and 144 of the Statutes control the Auditor in the matters of accounting and the issuance of the warrant. It is enough to say that we concur in the fourth declaration of rights and that the judgment directing the Auditor to issue his warrant for the compensation, when it shall have been legally ascertained, is correct.

As stated, the plaintiff cross-appeals from the third declaration and the judgment that he is entitled to only $1,096.48. He insists that he is entitled to $1,500, for when that sum is added to the net emoluments of his office as sheriff during 1938 it would not amount to the constitutional limit of $5,000. The basis of computation fixed by the judgment was the difference between the highest net amount received by the plaintiff's predecessor ($3,903.52) and $5,000.

An examination of the history of the law explains the peculiarity of the language used in Sections 4 and 4a thereof (Sections 3786-4 and 3786-5 of the Statutes). As introduced, the bill read that for the additional services the sheriff "shall receive reasonable compensation therefor of not less than $1000.00 and not more than $2000.00 per annum, to be determined by the fiscal court of the county and paid by the Treasurer thereof, provided," etc. An amendment substituted $1,500 for $2,000. The House rejected an amendment to strike the phrase "of not less than $1000.00 and." Other amendments substituted, "by the Auditor of Public Accounts of the Commonwealth" in place of "by the fiscal court of the county" and inserted "out of the general fund."

As thus amended, the bill provided that the officer "shall receive reasonable compensation therefor of not less than $1000.00 and not more than $1500.00, to be determined by the Auditor of Public Accounts and paid by the Treasurer thereof out of the general fund, provided the compensation of said officer as sheriff shall not in any year exceed a total of $5000.00," etc. Another amendment added Section 4a (now Section 3786-5 of the Statutes) which has already been quoted, requiring the Auditor to determine the amount to be paid the officer, but which shall not be in excess of the largest sum received by the sheriff during the tenure of office or by his predecessor, and in no event exceeding the constitutional limit. But when the bill was sent to the Senate the clause and provision for a minimum payment "of not less than $1000.00" was not in the bill (S. J., p. 654), although the House had voted specifically to keep it in the law. The Senate passed the bill as it was reported to it (S. J., p. 751), and the act was so enrolled and approved by the Governor. The enrolled bill, which is duly attested by the presiding officers of the two branches of the General Assembly, is the law, the journals to the contrary notwithstanding. Vogt v. Beauchamp, 153 Ky. 64, 154 S. W. 393; Golightly v. Bailey, 218 Ky. 794, 292 S. W. 320. But the legislative history, which clarifies the language of the statute, may be properly considered in interpreting it. Wheeler v. Board of Commissioners of City of Hopkinsville, 245 Ky. 388, 53 S. W. (2d) 740; City of Covington v. State Tax Commission, 257 Ky. 84, 77 S. W. (2d) 386. Contemporary history and recent legislation explain its purpose. The repeal of the sales tax statute (Chap. 101, Acts of 1936), for the collection of which taxes the sheriff received compensation, and the falling off in tax collections upon which the sheriff received commissions, resulted in a great reduction in the emoluments of the office. Thus, the detailed reports of the plaintiff for 1938 and his predecessor for 1935 disclose a decrease of approximately $1,800. All of this shows a desire to restore the compensation of all the sheriffs and an intention to provide them with reasonable compensation for the additional services. So the legislature set up the standard or basis of computation as the highest net income in any one year of the tenure of the incumbent sheriff or of his predecessor. The reference to the incumbent's tenure was doubtless because the act undertook to give to him

the benefit of the law, but which purpose contravened the Constitution as held in the Combs case, supra.

We construe the statute to mean that the sheriff must support his claim upon the Auditor for compensation for the services rendered by him under it by reasonable and substantial evidence as to the bases of computation or the standards of measurement prescribed. He must satisfy the Auditor as to what was the highest net receipts in any one year of his tenure or of the tenure of his predecessor, and his net receipts for the year as sheriff. The Auditor must then allow the difference between those two sums provided it shall not exceed $1,500, nor his entire compensation exceed the constitutional limit of $5,000. The record in this case shows the highest amount received by the claimant's predecessor in any one year was $3,903.52, and that the net receipts of the claimant from other sources during the year 1938 was $1,838.61, making a difference of $2,064.91. Since the allowance of the maximum compensation fixed by this statute would bring the emoluments of the office up to only $3,338.61, it would appear that the plaintiff is entitled to $1,500. However, since the Auditor rejected the claim upon what he considered to be legal grounds, and did not undertake to audit the accounts, we are of opinion that the judgment was correct in providing that the Auditor should ascertain the amount due. When that has been done, he should issue his warrant therefor in accordance with the statutes.

Wherefore the judgment is affirmed upon the direct appeal and reversed upon the cross appeal.

Whole Court sitting.