## Fiscal Court of Fayette County et al. v. Nichols, County Judge, et al.

June 20, 1941.

Harry B. Miller and R. W. Keenon for appellants.

Hunt, Bush & Lisle and J. J. McBrayer for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The question to be decided is whether to affirm or reverse a judgment that the County Road Engineer of Fayette County has the authority and privilege of appointing foremen and laborers to work on the roads of that county. The judgment so declares the rights of the several parties and grants appropriate injunctive relief.

Sometime before August 18, 1940, C. R. Baxter, and other appellees, had been named and employed by the County Road Engineer and on that day they were appointed also by an order of the County Judge. On August 22nd the Fiscal Court, claiming the right to name such employees under the statute, appointed Tom Smith and others to those places. The conflict brought on this suit by the Fiscal Court and its members against the County Judge, the Road Engineer and the men named by them. The County Clerk and Auditor were made defendants for the purpose of having them directed what to do in the payment of wages.

The appellants take the position that the authority over the maintenance of county roads, including the employment of laborers in any condition, is vested either in the Fiscal Court or the County Judge and that in this particular instance the County Judge has never acted

legally since his order is invalid for other reasons, while the Fiscal Court has legally and properly proceeded. The appellees in opposition submit that the authority to name the laborers is in the Road Engineer and that the order of the County Judge properly confirmed his appointments. The circuit court was of opinion it was the intention of the Legislature to have the Road Engineer choose the workmen where the Fiscal Court had made provision for one, and the statute authorizing the Fiscal Court of County Judge to do it applied only where there was no Engineer. The statute is ambiguous and indefinite. A brief review of the legislation is necessary to the decision.

In 1912 the General Assembly enacted a new and comprehensive law revolutionizing the manner of building and maintaining county roads. It created the office of County Road Engineer and made it mandatory upon every county to fill it. The Act clearly placed in that officer, by and with the consent of the County Judge, the authority to hire the men who should work on the roads. Chapter 110, Acts of 1912; Rawlings v. Lyttle, 157 Ky. 517, 163 S. W. 476; Moore v. Campbell, 163 Ky. 646 S. W. 49.

In 1914 the Legislature expressly repealed the 1912 Act and enacted another elaborate law dealing with the subject. Chapter 80, Acts of 1914, published as Sections 4287 to 4356s of the Statutes. Those sections of the present statutes contain numerous amendments and other intervening acts which do not seem to have any bearing upon the question before us. The Act of 1914 provides that the appointment or election of a County Road Engineer shall be optional with the several county judges and fiscal courts of the state. Section 39, Chapter 80, Acts of 1914, Section 4325 of the Statutes; Chatham v. Davenport, 187 Ky. 801, 220 S. W. 1062. The 1914 Act omitted some but re-enacted most of the provisions relating to the duties and authority of the Road Engineer that appeared in the 1912 Act. It directs that if a fiscal court does not provide for a County Road Engineer the services which would otherwise be performed by him shall be rendered by the County Surveyor or some other person designated by the County Court. Section 39, chapter 780, Acts of 1914, Section 4325 of the Statutes. See Bristow v. Shrout, 264 Ky. 125, 94

S. W. (2d) 352; Knox Fiscal Court v. Davis, 267 Ky. 155, 101 S. W. (2d) 409. It is provided by Section 43 of the Act, Section 4329 of the Statutes:

"The fiscal court or county judge shall employ such agent or agents in the different road precincts of the county as may be necessary to carry out the provisions of this chapter, and may summarily discharge such employees at pleasure; such employees shall perform service upon the public roads of the county in whatever station employed, according to the direction and in manner prescribed by the fiscal court, or county judge."

In harmony with the foregoing is a portion of Section 4330, which is Section 44 of the Act. That imposes the duty of the engineer of laying out the county roads in sections and stating the needs during the current year. It provides that where no contract shall be let for the work the roads may be kept in repair or new roads opened as provided by the Act or "in any other manner the fiscal court may direct." It is then added: "To this end there may be employed or purchased by the fiscal court all necessary hands, horses and materials for the proper performance of such work."

There would be no difficulty in determining that either the Fiscal Court or the County Judge has this authority now were it not for the fact that there are several inconsistent provisions. These may be noted. The Road Engineer is given general charge of the roads with the responsibility of having them improved, maintained and repaired, and has placed upon him a number of administrative duties. Section 4325, 4330, Statutes. It is made unlawful for the Road Engineer to appoint or employ as a laborer on the county roads certain of his relatives. Section 4331, Statutes. He is required to report to the fiscal court and to the county court an itemized statement of expenditures made by him, "giving number and names of hands and number of horses employed by him ,the time each was employed, the amount paid to and for each," etc. Section 4331, Statutes. Claims of contractors or "other persons" shall be paid when certified by him and found to be correct by the county court. Section 4333, Statutes. Reference is made to notice to be given for the assessment of costs of removing obstructions in the roads by him or "his agent." Section 4342,

Statutes. The county court is required to furnish books and stationery to him and "his employees." Section 4356g, Statutes.

On its face, as thus described, the statute seems to provide expressly for the hiring of hands by (1) either the Fiscal Court or the County Judge, or (2) by the Fiscal Court and (3) to impliedly provide that it shall be by the County Road Engineer.

A reference to the journals of the Legislature is enlightening. As introduced in the Senate (Journal, page 893), the material part of Section 43 of the Act reads as follows:

> "*By and with the advice and consent of the county judge, the County Road Engineer* shall employ such agent or agents in the different road precincts of the county as may be necessary to carry out the provisions of this chapter, and may summarily discharge such employees at pleasure; such employees shall perform service upon the public roads of the county in whatever station employed, according to the direction and in manner prescribed by the *County Road Engineer*. Such employees may receive such compensation per day as may be *agreed upon with the County Road Engineer, subject to the approval of the county judge.*" (Emphasis added.)

The section as thus introduced was amended by the Senate so when it passed that body (Journal, p. 914) it read thus:

> "*The Fiscal Court* shall employ such agent or agents in the different road precincts of the county as may be necessary to carry out the provisions of this chapter, and may summarily discharge such employees at pleasure; such employees shall perform service upon the public roads of the county in whatever station employed, according to the direction and in manner prescribed by the *Fiscal Court*. Such employees may receive such compensation per day as may be *allowed by the Fiscal Court.*"

However, in some undisclosed manner, when the bill reached the House of Representatives, or at least when it was taken up there for consideration, there had been added to the Section, as it related to the employment and

work of the laborers, the words *"or County Judge"* after "Fiscal Court" in both places. There is nothing in the journals of either house disclosing how this material change occurred or by whom it was made. Section 44 of the Act as originally introduced did not state who should employ the necessary hands and horses and purchase material for the road work when it was to be done without a contract. That section was amended by the Senate by inserting the words "by the Fiscal Court" so that it reads as we have above quoted Section 4330 of the Statutes.

An amendment was proposed in the House of Representatives which would have had the effect of giving the authority to employ the laborers to the County Road Engineer "by and with the advice and consent of the Fiscal Court or the County Judge." The amendment was rejected (Journal of the House, p. 2237), and the bill became a law as it had been reported to the House, and with Section 43 (Section 4329, Statutes) as first above quoted.

Of course, a statute is to be construed as adopted, and the Legislature's journals may not be looked to for the purpose of supporting a construction which would add to or take from the significance of the language used. But where the statute is ambiguous or its construction doubtful, resort may be had to the journals for its history in order to ascertain the intention of that body. City of Vanceburg v. Plummer, 275 Ky. 713, 122 S. W. (2d) 772. The inconsistencies and ambiguities of the law as enacted in respect to the hiring and firing of workmen and the fixing of their compensation justify the reference to the journal. In the light there cast upon the enactment it is made manifest, first, that the Legislature did not intend that the power of hiring and discharging of foremen and laborers should be lodged in the County Road Engineer; and, second, that the inconsistencies arise from a failure to carry the adopted amendments or the effect thereof throughout the entire act.

The implications of authority in the County Road Engineer must, therefore, yield to the expressed declarations of the Act.

As to whether the Fiscal Court or the County Judge has the superior authority where there is a disagreement,

such as exists in the present case, we must construe the statute as enacted, enrolled and signed by the presiding officers of the Legislature and approved by the Governor, and seek the Legislature's intention there. We cannot go behind it though the records of the journals be to the contrary. Shannon v. Dean, 279 Ky. 279, 130 S. W. (2d) 812.

In view of the terms of Section 4330 of the Statutes placing the authority in the Fiscal Court alone to "employ necessary hands" for the proper performance of the work, and considering the general policy of the law vesting in that body the control of the county's roads and other property, and particularly its finances (Sections 1840, 1851c-1 et seq., Statutes), we are of opinion that Section 4329 of the Statutes must be construed as giving the authority, first, to the Fiscal Court, and, second, if it fails to exercise that authority, to the County Judge.

The judgment is reversed with directions to enter a declaration of the rights of the parties accordingly and to grant appropriate relief.

Whole Court sitting.