# Miller, Commissioner of Finance, et al. v. Sturgill, Sheriff.

May 23, 1947.

W. B. Ardery, Judge.

Eldon S. Dummit, Attorney General, and H. K. Spear and Guy H. Herdman, Assistant Attorneys General, for appellants.

W. W. Burchett, Leslie W. Morris and Marion Rider for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Chapter 171 of the Acts of 1946, KRS 62.155, provides as follows:

"Each sheriff who, under the provisions of KRS

62.140(2), 62.150, 64.120 or 64.130, would not be entitled to have a claim against the state for the amounts paid for premiums on the bonds required of him by law, shall have a valid claim against the state for the amounts paid by him for premiums on such bonds, when the bonds have been executed by an incorporated surety company authorized to do a surety business in Kentucky, and when the claims are verified by his affidavit.''

The Act became effective June 19, 1946.

Troy B. Sturgill was elected sheriff of Floyd county at the November election, 1945, and qualified on the first Monday in January, 1946. Upon his qualification he furnished his official bond in the sum of $25,000. On May 23, 1946, he furnished his state revenue bond in the sum of $14,000 and his county revenue bond in the sum of $25,000. In each instance the bond was executed by a corporate surety company authorized to do a surety business in Kentucky. Sturgill paid the premiums on the bonds which amounted to $150 on his official bond, $140 on his state revenue bond, and $250 on his county revenue bond. On August 6, 1946, Sturgill presented to Clarence Miller, Commissioner of Finance, his claim for the amounts paid by him for premiums on these bonds, and payment was refused. Thereafter Sturgill, suing in his own behalf and in behalf of all other sheriffs similarly situated, brought an action under section 639a—1 et seq. of the Civil Code of Practice for a declaration of the rights of the parties. Upon final submission the court adjudged that as to the premiums paid in 1946 prior to the effective date of the Act, the state must refund to plaintiff the proportionate part of the premium on the official bond allocable to the period from June 19, 1946, to January 7, 1947, and the proportionate parts of the premiums on the state and county revenue bonds allocable to the period from June 1, 1946, to May 30, 1947. The court evidently had in mind the fiscal years for which the respective bonds were executed. The court further adjudged that the refund of the premiums to the sheriff did not violate sections 161 and 235 of the Constitution prohibiting the changing of compensation of an officer during his term of office, and that as to the remaining years of his term the sheriff was entitled to collect the full amount of premiums paid for the bonds.

Appellants contend that the 1946 Act cannot be applied to appellee during his term of office since the payment to him of the amounts paid as premiums for his bonds would result in an increase in his compensation, and that this is particularly true of the premiums which were required to be paid and were paid before the effective date of the Act; that a county revenue bond is for a strictly local purpose, and the payment of any sum by the state for such purpose would be violative of sections 176, 177 and 181 of the Constitution; and that the General Assembly failed to make an appropriation for the payment of the claims, and appellants are without authority to pay same in view of section 230 of the Constitution which provides that no money shall be drawn from the state treasury except in pursuance of appropriations made by law.

The circuit court correctly adjudged that an application of the statute to present sheriffs will not result in an increase in their compensation in violation of sections 161 and 235 of the Constitution. At the time the statute was enacted, sheriffs in the class to which appellee belongs were not required to furnish corporate surety on any of the bonds which they were required to execute, and they are not now required to do so. They have the option of furnishing personal surety on their bonds without cost. The Legislature evidently deemed corporate sureties more satisfactory than personal sureties, and passed the 1946 Act to induce the sheriffs to furnish bonds with corporate sureties. Since sheriffs were not required to furnish any bond with corporate surety when the Act was passed, the payment of the premiums by the state does not amount to an increase in their compensation. Thompson v. Shipp, 298 Ky. 805, 184 S. W. 2d 245, is conclusive on this point. The court erred, however, in requiring the state to reimburse appellee for any part of the premiums paid for bonds prior to the effective date of the Act. Appellee was required to execute each of the bonds prior to that date, and he elected to furnish bonds with corporate sureties. There is nothing in the Act indicating that the Legislature intended it to have retrospective effect, and it is doubtful that it could have given the Act such effect without violating sections 161 and 235 of the Constitution.

We think the court erred also in holding that the state can be required to pay the premium on the county revenue bond. The sheriff acts exclusively for the county in collecting the county revenue, and the county is the sole beneficiary of this bond. Section 176 of the Constitution provides that the Commonwealth shall not assume the debt of any county, municipal corporation or political subdivision of the state except under certain circumstances not relevant here, and section 177 provides that the credit of the Commonwealth shall not be given, pledged or loaned to any municipality or any political subdivision of the state. The reimbursement of the sheriff by the state for the premium paid by him on the county revenue bond is, in effect, the use of state funds for a purely local county purpose, and violates the letter and spirit of the foregoing sections of the Constitution. Section 157a of the Constitution permits the credit of the Commonwealth to be given, pledged or loaned to any county for public road purposes, but this is the sole authorization for the expenditure of state funds for aid of a county.

Appellants also contend that there is no fund out of which the premiums on sheriffs' bonds can be paid as the Legislature made no appropriation for that purpose, and, consequently, the Act cannot become operative until that is done. The Act provides that the sheriff shall have a valid claim against the state for the amounts paid by him for premiums when the claims are verified by his affidavit. Obviously, it was the intention of the Legislature that the claim should be paid when presented properly verified. The language used means the sheriff shall have a claim against the state treasury, and is equivalent to the term "payable out of the state treasury" which we have frequently construed to be sufficient as an appropriation within the meaning of section 230 of the Constitution. Shannon v. Dean, 279 Ky. 279, 130 S. W. 2d 812; State Board of Charities v. Hays, 190 Ky. 147, 227 S. W. 282; Bosworth v. Harp, 154 Ky. 559, 157 S. W. 1084, 45 L. R. A., N. S., 692, Ann. Cas. 1915C, 277.

The judgment is reversed with directions to enter a judgment in conformity herewith.