## Robards et al. v. Barker et al.

November 21, 1947.

Lawrence F. Speckman, Judge.

Robert E. Hogan for appellants.

Samuel Steinfeld for appellees.

Opinion of the Court by Judge Rees—Affirming.

Pursuant to KRS 179.020, which provides that the county judge of each county may, with the consent of the fiscal court, appoint a county road engineer, Horace M. Barker, County Judge of Jefferson County, appointed William B. Robards county road engineer of Jefferson County for the term beginning January 16, 1946, and ending January 1, 1948. The Fiscal Court of Jefferson County, by an order entered January 10, 1946, approved the appointment, and fixed Robard's salary at $5,000 a year. On July 24, 1946, the Fiscal Court employed James A. Purnell as office engineer in the County Road Department at a salary of $300 a month, his employment to continue subject to the pleasure of the court. On September 18, 1946, the Fiscal Court employed Lee M. Roberts as superintendent of garage, his rate of pay to be $1.50 an hour and his employment to continue subject to the pleasure of the court. The employment of both Purnell and Roberts was made upon the written request of Robards, the county road engineer. On March 5, 1947, the Fiscal Court employed Kirby A. Kitterman as superintendent of transportation and repairs at a salary of $325 a month, and gave him complete charge and control, subject only to the Fiscal Court, of the repairs to all motorized equipment owned by or leased to the County. On May 14, 1947, a resolution was adopted by the Fiscal Court terminating the employment of Lee M. Roberts and James A. Purnell as of May 15, 1947. On May 20, 1947, William B. Robards, county road engineer, filed this suit in the

Jefferson Circuit Court against the County Judge and the three commissioners composing the Jefferson County Fiscal Court in which he sought a mandatory injunction requiring the Fiscal Court to vacate and set aside the orders of March 5, 1947, and May 14, 1947. He also asked for an injunction permanently restraining and enjoining the defendants from terminating the services of Purnell and Roberts and from transferring to the superintendent of transportation and repairs the supervision, control and maintenance of any motorized equipment owned, leased or used by the Jefferson County Road Department, and that the defendants be enjoined from interfering with the county road engineer in the exercise of his functions, powers and duties and from interfering in any manner with the selection, employment or discharging of any employee of the County Road Department. He further asked for a declaration of the rights of the parties. James A. Purnell and Lee M. Roberts joined as plaintiffs in an amended and supplemental petition filed May 26, 1947. The court sustained special and general demurrers to the petition as amended, overruled the plaintiffs' motion for a temporary injunction, and dismissed the petition as amended after plaintiffs declined to plead further. After the plaintiffs appealed, it was made to appear that appellant William B. Robards was removed as county road engineer on June 23, 1947, in a proceeding under KRS 179.060, and that the order of removal has never been set aside, modified or appealed from, and is in full force and effect. The appellees filed a motion to dismiss the appeal on the ground that the questions involved are moot, and the motion was passed to the merits.

Since the appellant William B. Robards sued only in his official capacity the motion to dismiss his appeal is sustained and the appeal dismissed, but as to the appellants Purnell and Roberts the motion is overruled. This leaves for consideration only the question: Did the Jefferson County Fiscal Court have the authority to discharge the appellants Purnell and Roberts, who were employees of the Jefferson County Road Department? It is appellants' contention that due to the broad powers conferred upon the county road engineer by Chapter 179 of the Kentucky Revised Statutes, he

alone has authority to hire and discharge employees of the County Road Department, and that the Fiscal Court is without authority in this respect. We held contrary to this contention in Fiscal Court of Fayette County v. Nichols, 287 Ky. 478, 153 S. W. 2d 986, where, after pointing out the inconsistencies and ambiguities in the Statutes governing the maintenance of county roads and the employment of workmen in the county road department, we concluded that the authority to hire and discharge employees is vested not in the county road engineer but, first, in the fiscal court, and, second, if it fails to exercise that authority, in the county judge. Appellants argue that the Nichols case has no application here because it involved only employees receiving less than $5 a day. The opinion in the Nichols case made no distinction between classes of employees, and what was said applied to all employees. We find nothing in the Statutes on the subject which indicates an intention by the Legislature to make any distinction in this respect. A thorough discussion of the respective powers of the county road engineer and the Fiscal Court, particularly with respect to the hiring and discharging of employees of the County Road Department, may be found in the opinion in the Nichols case, and it is unnecessary to reiterate here what was said in that opinion.

The judgment is affirmed.